STATE v. MITCHELL.

1. CRIMINAL LAW—SEVERANCE—PRACTICE.—A motion in a criminal case to sever is addressed alone to the discretion of the Circuit Judge.

2. IBID.—PRACTICE.—In the trial of two defendants charged with same offense, counsel for one may present any views of the testimony which tend to show the other defendant alone guilty.

3. IBID.—EVIDENCE—CONFESSIONS.—Statements made by one defendant to another person, accusing his codefendant of committing the crime, is not a confession, and cannot be admitted in evidence.

4. IBID.—CONFESSIONS—SUPREME COURT.—Whether a confession is free and voluntary, is a question of fact, and it seems this Court has no jurisdiction of that question.

5. CHARGE.—For a Judge to say in his *charge* to the jury that a confession was received because "it tended to implicate him, and showed that he was present at the time the woman was killed," is a charge on the facts, and error.

Before EARLE, J., Abbeville, January, 1896.   Reversed.

Indictment against Richardson Washington and John Mitchell for the murder of Narcissa Bagwell.   Both defendants were convicted of murder; Mitchell being recommended to the mercy of the Court, and was sentenced to imprisonment for life.   From this judgment he appeals.

*Messrs. Graydon & Graydon*, for appellant, cite: *Charge on facts:* 48 S. C., 488.   *Confession:* 36 S. C., 524.

*Solicitor Ansel*, contra, made oral argument.

June 21, 1897.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER.   The appellant was indicted jointly with one Richard Washington (called in the testimony Rich.) for the murder of one Narcissa Bagwell. Before the trial commenced, counsel for appellant, Mitchell, moved that the two defendants be tried separately, upon the ground that the defenses of the two defendants would conflict, and that defendant, Mitchell, could not obtain a fair trial unless he was tried separately.   The motion to sever was refused by his Honor, Judge Earle, and the trial

proceeded, resulting in a verdict finding both defendants guilty of murder, but the defendant, Mitchell, being recommended to mercy, was sentenced to imprisonment in the penitentiary at hard labor for the term of his natural life, and the other defendant, Washington, was sentenced to be hanged, and was accordingly executed.

From the judgment rendered against Mitchell, this appeal has been taken, upon the several grounds set out in the record, which we will proceed to consider. The first ground imputes error to the Circuit Judge in refusing the motion to sever. To show that this ground is untenable, it is only necessary to refer to the case of *The State* v. *Wise and Johnson*, 7 Rich., 412, where it was held that such a motion is addressed to the sound discretion of the trial Judge, and to the very recent decision of the Supreme Court of the United States, in *United States* v. *Ball*, 163 U. S., 662, where the same doctrine was held.

The second ground imputes error to the Circuit Judge in allowing the counsel for Washington "to argue to the jury against the defendant, John Mitchell, and thus prejudice his cause before the jury." We do not see why the counsel for Washington should not have been permitted to present such views of the testimony as would tend to show that his client was not guilty, even though such views might tend to implicate the other defendant; and it is not suggested that counsel for Washington did anything more. This ground cannot be sustained.

The third and fifth exceptions both allege error in allowing the so-called confession of Washington to be introduced in evidence, inasmuch as such so-called confession was not, in fact, a confession at all of Washington's guilt, but, on the contrary, was simply a declaration made by Washington, when not under oath, to the several witnesses who were allowed to testify to it, tending not only to prove Mitchell's guilt but also to show that Washington was in nowise a participant in such guilt, and on the contrary remonstrated with Mitchell against his committing

the fatal deed.    This is fully shown by the following ex-
tract from the testimony of the first witness who was allowed
to testify as to the so-called confession of Washington: "He
said he met Miss Bagwell, and he said, 'I thought you were
gone;' and she said, 'No, I did not get off;' and she asked
him where he was going, and he said he was going to John
Mitchell's, that he was going to Abbeville to-morrow; and
she said, 'Well, I will go with you;' and he said they stayed
there until after dark, until some time in the night; and he
said she was talking about going off, and that John told her
it would be best for her to take the train at Greenwood, and
he said that these three struck out for Greenwood, these two
defendants and Miss Bagwell, and he said she had a tin box
in her hand; and they started out for Greenwood, and got a
little piece beyond his house and got near an old out house,
and John said, 'Hold on, Rich.;' and Rich. said, 'What?' and
he (Rich.) said John said, 'I am going to kill that woman
for her money;' and he said he said, 'John, I would not do
anything like that, for I think too much of the woman to
kill her,' and he went on, and he heard a lick, as if with a
stick or a rock or something of that kind, and he said he
looked, and John was throwing the woman in the house,
and he said that in about two minutes he saw the house
spring up in a blaze, and he said he went on back to John's,
and John came back with this tin box.    Did he say anything
about money? What John might have said about money when
he came back.    No, sir."    The other witnesses who were ex-
amined as to this so-called confession of Washington testified
very much to the same purport and effect.    It is very man-
ifest, therefore, that this so-called confession of Washington
was in no sense a confession of his own guilt, but was rather
an attempt on his part to throw the whole blame on John
Mitchell, and was clearly inadmissible under the cases of
*The State* v. *Carson and Smith*, 36 S. C., 524, recognized
and followed in the very recent case of *State* v. *Green*, 48
S. C., 136.    In both of those cases, as in the present case,
the Circuit Judge instructed the jury that while the whole

of the confession must be received in evidence, yet the jury must not allow any weight to so much of it as implicated any other defendant. But in both of those cases the so-called confessions were incompetent, because they were not, in fact, confessions of the guilt of the parties making them, but simply accusations against their codefendants, and so we regard the so-called confession in this case. We think, therefore, that upon this ground a new trial must be granted.

Under this view the question presented by the fourth ground of appeal does not arise, and need not, therefore, be considered. We may add, however, that this ground raises a question of fact, whether the alleged confession was free and voluntary, and seems to be beyond the jurisdiction of this Court. See what is said in the separate opinion in *State* v. *Carson and Smith, supra,* and *State* v. *Howard,* 35 S. C., at page 205.

The only remaining ground, the sixth, imputes error to the Circuit Judge in charging upon the facts, in violation of the constitutional provision upon that subject. It is based upon the fact that the Judge, in speaking of the so-called confession of Washington, used the following language in his charge to the jury: "The only reason why the confession was received in this case was, that it tended to implicate him (Washington), and it showed that he was present at the time the woman was killed." If the Circuit Judge had used this language when making his ruling that the confession was admissible, it could scarcely have been regarded as a violation of the constitutional provision referred to (*State* v. *Atkinson,* 33 S. C., 100); but in using such language *in his charge to the jury,* it does seem to be a violation of the provision of the Constitution forbidding a charge upon the facts, for it was a very plain expression not only of what the testimony *tended* to prove, but also of what it *showed.* Inasmuch, however, as this was an error affecting the defendant, Washington, alone, we do not see how the appellant, Mitchell, can take advantage of such error.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.