9915

STATE v. KENNEDY.

(95 S. E. 350.)

1. HOMICIDE—MURDER.—Where one who had escaped from jail, where he was incarcerated on a charge of breaking into a dwelling house in the nighttime, shot and killed a police officer when the latter stepped into the room where he was hiding through the window to arrest him, the circumstances were sufficient to warrant conviction of murder.

2. HOMICIDE—MURDER—ACCESSORY BEFORE THE FACT.—There can be no accessory before the fact to the offense of manslaughter.

3. HOMICIDE—ACCESSORY—EVIDENCE.—In a prosecution for being accessory before the fact to murder of a police officer testimony that the murderer told the sheriff that defendant told him not to go back to jail, from which he had escaped, but to kill the first damned policeman that came toward him, was not incompetent to prove the charge of accessory, in that it did not tend to prove that defendant advised the murderer to kill the particular officer by name or other designation.

4. HOMICIDE—ACCESSORY BEFORE FACT—GRAVAMEN OF OFFENSE.—The gravamen of the offense of being accessory before the fact to murder of a police officer consisted in advising the murderer to kill any person who might lawfully attempt to arrest him.

5. CRIMINAL LAW—EVIDENCE—STATEMENT IMPLICATING OTHERS.— The general rule, except in conspiracy, is that a confession or statement made by one of two or more defendants on trial is to be received in evidence as made, though it may implicate the others, but nevertheless is to be received as evidence against the declarant alone; the jury being cautioned that it must not be considered against the other defendants.

6. CRIMINAL LAW—EVIDENCE—HEARSAY.—In a prosecution for being accessory before the fact to the murder of a police officer, the sheriff's testimony that the murderer told him that defendant advised him (the murderer) to kill the first damned policeman that came toward him was inadmissible against defendant as hearsay, because it did not tend to prove the charge against the murderer, but only the charge against defendant.

Before BOWMAN, J., Orangeburg, Summer term, 1917. Reversed.

Clint Kennedy was convicted as accessory before the fact to a murder, and he appeals.

*Messrs. Raysor & Summers,* for appellant, cite: *As to error in allowing witness to testify, over objection, to statements made by Palmer, who was charged as principal,— said statements implicating appellant:* 85 S. C. —; 34 S. C. 49; 1 Strob. 266; 7 S. C. 283; 73 S. C. 330. *As to officer's breaking open doors and making forcible entrance to make an arrest:* 80 S. C. 339; 2 R. C. L. 476; 77 Am. Dec. 353; 21 Am. Reports 570; 61 Am. Dec. 147; 2 Hawkins P. C., c. 14, sec. 19; 1st N. H. 346. *As to error in refusing motion for a new trial:* 2 Bay 520; 19 S. C. 491; 16 S. C. 14.

*Ed C. Mann, Solicitor,* and *John S. Bowman, Esqr.,* for State, respondent.

March 8, 1918.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Defendant appeals from judgment on conviction as accessory before the fact, with Mackey Palmer, as principal, of the murder of Policeman H. H. Franklin, at Orangeburg, on March 9, 1917. They were tried together, and both were convicted, but Kennedy was recommended to mercy, and, therefore, he was sentenced to life imprisonment, while Palmer was sentenced to death.

Palmer had been put in jail on the charge of breaking into the dwelling house of another in the nighttime. On March 5, 1917, he escaped from jail, and stole and carried away two pistols belonging to the jailer, one a magazine or Luger pistol, and the other a smaller pistol.

On March 9th Policemen Franklin and Wolfe and Mr. A. B. Chestnut went to the house of a negro woman in the city, where they had been informed Palmer was, to arrest him. Franklin tried the front door, but found it locked. He then took a screen out of a window, and entered the house through the window. Mr. Chestnut testified that, when Franklin got into the room, Palmer was crouched in one corner, with the magazine pistol in his hand, and said to Franklin, "Don't come on me," and that as Franklin attempted to get his own pistol out of his pocket Palmer commenced firing, and shot him four or five times.

The circumstances of the homicide were clearly sufficient to warrant the conviction of Palmer of murder. *State v. Anderson,* 1 Hill 327. Therefore, there was no error in refusing appellant's motion to direct a verdict of not 1, 2 guilty as to him, on the ground that, under the evidence, Palmer could be convicted of no higher

offense than manslaughter, as to which there can be no accessory before the fact.

Sheriff Dukes was allowed to testify, over objection, that Palmer told him, after his second arrest, that after he had escaped from jail he was advised by others to go back and surrender, but that Kennedy told him: "Don't you do it. You have a good gun. Kill the first damned policeman that comes toward you. I will take care of you."

There was no other evidence that tended to prove that Kennedy was accessory to the murder of Franklin. The other evidence adduced tended only to prove that Kennedy offered and attempted to aid Palmer in making good his escape.

The first objection urged by defendant to this testimony is that it was incompetent to prove the charge laid in the indictment, that Kennedy was accessory to the murder of Franklin, because it does not tend to prove that he advised Palmer to kill Franklin, by name or other designation. That ground is untenable. The gravamen of the offense consists in advising Palmer to kill any person who might lawfully attempt to arrest him. It makes little or no difference to the State which member of a class, or of society, may become the victim of the flagitious advice to commit a certain felony. 4 Cooley's Blackstone 37, and note. The individual affected may depend upon circumstances, or be varied by accident, in the actual commission of the same felony advised.

The next objection to this testimony is that, as against Kennedy, it was incompetent, because it was hearsay. That ground is well taken. The statements of Palmer to the sheriff were competent only as against himself, but, in reality, they were not against himself at all, but solely against Kennedy. The general rule, except in conspiracies, is that a confession or statement made by one of two or more defendants on trial is to be received in evidence as made, even though it may implicate the others, but

it is nevertheless to be received as evidence against the declarant alone, and the jury should be cautioned that it must not be considered by them as evidence against the other defendants. *State v. Mitchell,* 49 S. C. 410, 27 S. E. 424, and cases cited. But, as already stated, the testimony of the sheriff as to Palmer's statement to him was not admissible at all, even under the rule stated, because it did not tend to prove the charge against Kennedy, as to whom it was objectionable as hearsay.

The objections to testimony tending to prove the acts and declarations of Kennedy himself are clearly untenable.

For the error pointed out, a new trial is ordered.