### 10478

### STATE v. McALISTER.

### (103 S. E. 772.)

1. CRIMINAL LAW—SEVERANCE RESTS IN DISCRETION OF TRIAL COURT.— The granting or denying of a severance where two were jointly indicted rests in discretion of trial Court.

2. BURGLARY—A DEFENDANT'S GUILT HELD FOR JURY.—In prosecution against two for housebreaking, where one defendant was found inside of premises and the other was discovered watching outside, evidence as to the defendant found outside *held* sufficient to go to the jury.

3. CRIMINAL LAW—INSTRUCTION HELD NOT TO INTIMATE INTENT TO STEAL.—In a prosecution for housebreaking and larceny, a charge that the jury must find defendant went in with intent to steal is not objectionable as an intimation that defendant had such intent.

4. CRIMINAL LAW—DEFINING REASONABLE DOUBT AS A STRONG SUBSTANTIAL DOUBT HELD NOT OBJECTIONABLE.—Definition of a reasonable doubt as a "strong, substantial doubt" arising out of the evidence, and such as would cause reasonable men to hesitate, is not objectionable by reason of use of word "strong."

Before SHIPP, J., Greenville, January, 1920.   Affirmed.

Indictment of T. W. and J. R. McAlister for housebreaking and larceny.   Upon conviction, defendants appeal.

*Mr. W. H. Useary,* for appellant, cites: *Abuse of discretion to refuse separate trial:* 7 Rich. L. 412.   *Error to let conviction stand where there is insufficient evidence to support it:* 99 S. E. 562.   *Definition of "reasonable doubt" as "a strong, substantial doubt" was error:* 49 S. C. 297.   *When a Judge in his charge assumes a fact, a new trial will be granted: State v. Myers,* MSS. April term, 1880.   *Error of law to refuse new trial where there is no testimony to support verdict:* 73 S. C. 340.   *And Supreme Court may grant such new trial:* 64 S. C. 566.

*Mr. J. Robert Martin, Solicitor,* for the respondents, cites: *Use of word "strong" in defining a reasonable doubt was proper:* 33 S. C. 135; 32 S. C. 404; 20 S. C. 453; 55 S. C. 33.

July 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Appellants were convicted of houesbreaking and larceny. Error is assigned in the following particulars:

1. In refusing their motion for separate trials.   The granting or refusing of such a motion rests in the discretion of the trial Court.   We find no error or abuse of discretion in refusing the motion.   *State v. Mitchell,* 49 S. C. 410, 27 S. E. 424.

2. In refusing to direct a verdict of not guilty as to appellant, J. R. McAlister.   The chief of police, who arrested the defendants, testified that, when he came upon the scene at 2 o'clock in the morning, this defendant (J. R. McAlister) was standing behind a pole (presumably a telephone or electric light pole) across the street, some 35 feet from the store, and ran across the street to the

side door of the store; that his running attracted his attention, and he ran after him and caught him at the side door of the store, which was standing open a few inches; that he asked him who was in the store, and he replied, "No one;" that the other defendant was subsequently found concealed in the store; the cash register had been opened and money taken from it, and money was found in the pockets of the defendant who was in the store. This testimony tended to prove that defendants were acting in concert, and that J. R. was watching on the outside, while T. W. broke and entered the store wih intent to steal; hence the motion was properly refused.

3. In charging, "And you must believe he went in there with intent to steal," thereby intimating that defendants had such intent, and thereby charging on the facts. The statement of the contention is enough to show that it is without merit.

4. In charging that a reasonable doubt is a "strong, substantial doubt," the objection is that the word "strong" was improper in defining a reasonable doubt. The whole definition was: "A reasonable doubt, as the term implies, means a strong, substantial doubt, arising out of the evidence in the case, and (such as) would cause sensible, reasonable men to hesitate as to. what their duty is in the premises."

In *State v. Bodie,* 33 S. C. 117, 126, 11 S. E. 624, 627, the definition of a reasonable. doubt given to the jury was: "It is a strong, substantial, well-founded doubt, founded upon the evidence."

On appeal, that definition was sustained, this Court saying, at page 135 of 33 S. C., at page 630 of 11 S. E.: "The objection seems to be to the use of the word 'strong,' but when it is considered that it has been frequently said that a reasonable doubt, which would avail the accused must not be a mere fanciful doubt, but that it must be a serious, well-

founded doubt, growing out of the evidence, there can be no reason to suppose that a jury would be misled by the substitution of the word 'strong' for the words, 'serious' or 'substantial' or 'well-founded.'   All of these words are used, not in the sense of 'powerful,' or 'overwhelming,' but simply in contradiction to the words, 'flimsy,' 'fanciful,' or 'slight,' and we cannot suppose that a jury would ever understand them in any other way.   The law does not require that a criminal charge shall be proved beyond the slightest doubt, and it is only where the evidence leaves upon the minds of the jury—not a weak or slight doubt—but a serious or strong and well-founded doubt as to the truth of the charge, that the law, in its mercy, declares that the accused shall have the benefit of the doubt."

Judgment affirmed.