STATE v. ERNEST HERRING.

(Filed 27 January, 1931.)

**Criminal Law G f—Testimony of alleged admission by prisoner held incompetent as not tending to implicate him in crime.**

Where the prisoner is on trial for murder alleged to have been committed by him and another, testimony of a conversation between them in which he consistently denied the accusations of the other as to the commission of the crime, and containing no admission of any fact tending to implicate him therein, is incompetent, the conversation not containing any material admission by the defendant, and being distinguishable from *S. v. Herring, ante,* 306.

APPEAL by prisoner, Ernest Herring, from *Moore, Special Judge,* at August Term, 1930, of SAMPSON.

Criminal prosecution tried upon an indictment charging the prisoner with the murder of one F. F. Newton.

Verdict: Guilty of murder in the first degree.

Judgment: Death by electrocution.

The prisoner appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Algernon L. Butler and Henry A. Grady, Jr., for defendant.*

STACY, C. J. This is a companion case to *S. v. Chevis Herring, ante,* 306, as both relate to the same murder, though the two defendants were tried separately, before different juries, and on different bills of indictment.

To avoid repetition, we may say that the evidence appearing on the present record is sufficient to carry the case to the jury.

Ernest Herring contends, as did Chevis Herring on his appeal, that the testimony of Deputy Sheriff R. H. Holland, relative to an alleged colloquy had between the prisoner and his brother, while the two were in jail awaiting trial, which the witness overheard, is incompetent as to him. We quote the testimony again, as it is slightly different on the present record from what it was on Chevis' appeal: "Ernest said to Chevis, 'What do you want to lie on me like this for?' and Chevis said he was not telling a lie. Ernest said to Chevis, 'You know you killed him yourself.' And Chevis said, 'You know I didn't; you made the bargain yourself. I didn't have anything to do with it until you made the bargain on Thursday afternoon, and I told you at that time that the old man didn't have any money, and I had done and forgotten about it until you met me at the branch.' And Ernest said, 'You are lying—you are telling a lie on me. Why don't you come on and tell the truth? The Lord knows.' And Ernest broke in on him again and told him he was telling a lie, and Chevis said, 'Lord, Lord, Lord,' and whistled. Ernest said Chevis did it and Chevis said he didn't have anything to do with it, and Chevis said. 'You told me you would not have my name in it if the man got you.' "

There is nothing in the foregoing colloquy, as detailed by the witness, which partakes of the nature of an admission on the part of Ernest Herring that he was present, participating in the crime. It is true, he is alleged to have said to Chevis, "You know you killed him yourself," which the State contends was born of a guilty knowledge, but, in the light of all that was said, we regard this a *non sequitur*. Throughout the entire colloquy, Ernest Herring continually challenged the correctness of his brother's statements. He at no time declared his own complicity in the crime; and we think it was error to admit this evidence as against the present defendant. The whole conversation amounted to no more than an accusation by Chevis against Ernest, which the latter denied. *S. v. Mitchell,* 49 S. C., 410, 27 S. E., 424; *People v. Harrison,* 261 Ill., 517, 104 N. E., 259; 16 C. J., 659-660.

There are other exceptions on the present record worthy of consideration, but as they may not arise on another hearing, we shall not consider them now. The prisoner is entitled to a new trial, as indicated, for error in the admission of evidence.

New trial.