21600

The STATE, Respondent, v. Theodore GRIFFIN, Appellant.
(285 S. E. (2d) 631)

194

*Jack B. Swerling* and *David L. Lyle, Jr.,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Attys. Gen. Kay G. Crowe* and *Lindy P. Funkhouser* and *Sol. James C. Anders,* Columbia, *for respondent.*

November 24, 1981.

HARWELL, Justice:

Appellant Theodore Griffin was convicted of murder and received a mandatory life imprisonment sentence. We affirm.

On April 5, 1980, Lawrence Wilson was shot and killed as he sat with appellant in his automobile in Richland County, South Carolina. Appellant was arrested and indicted for the

murder. Testimony elicited during the trial indicated that the deceased was "going with" appellant's estranged wife. Appellant admitted he shot the deceased but asserted that it was either voluntary manslaughter or a result of self defense.

Appellant first alleges that the trial court erred in refusing to quash the indictment for murder. Because certain blank spaces in the caption of the form indictment were incomplete, appellant claims the indictment was improper, and therefore the trial court was without jurisdiction. On the front of the one-page printed form, the blanks reserved for the county of the indictment and the date and county of the grand jury's convention were not completed. Appellant alleges that there was no indication that the grand jurors presented the indictment under oath. However, appellant fails to read the indictment as a whole. On the back of the indictment, the county and date were specified, and the signature of the foreman of the grand jury appeared below the words "True Bill". Although the caption of an indictment should show the place and date at which the court was held and the indictment found, the omissions may be corrected by other parts of the indictment. 42 C. J. S. *Indictments and Information* §§ 38, 39 (1944). It has been held that grand jurors were presumed to have been sworn when the indictment's caption failed to state they were sworn. 42 C. J. S. *Indictments and Information* § 40 (1944). We presume from the foreman's signature that the grand jurors were sworn. The trial court properly refused to quash the indictment.

Next, appellant contends that statements made by the deceased to two witnesses should have been admitted as evidence of uncommunicated threats. Uncommunicated threats are generally admitted only under qualification. McCormick on Evidence, § 295 (2nd Ed. 1972). When there is evidence in a homicide case tending to establish self defense, uncommunicated threats are admissible to show the mental attitude of the deceased and are relevant on the question of who was probably the aggressor in the fatal difficulty. Before evidence as to uncommunicated threats is admissible, however, it must be proved that such threats were actually made by the deceased. *State v. Mason,* 215 S. C. 457, 56 S. E. (2d) 90, 92 (1949). The threshold issue is whether the state-

ments made by the deceased were in fact threats. One of appellant's witnesses would have testified that the deceased was "going with" appellant's wife. Another witness would have testified that he overheard the deceased say he "had a young female that he was keeping companionship with," and that "I am not worried about him; I have got a piece in the automobile." To be admissible the deceased's statement's must have been *actual* threats of a nature to show his desire to take the accused's life or at least do him serious bodily harm. 40 C. J. S. *Homicide* § 276(b) (1944). *State v. Bigham,* 133 S. C. 491, 131 S. E. 603, 605 (1926). A statement made by the deceased that he was "not afraid of him (the accused)" was not considered a threat by this court in *State v. Bigham.* We conclude that the alleged statements of the deceased were not threats and were properly omitted as hearsay.

Appellant argues that the trial court erred in admitting ▮▮ testimony that he was having an adulterous relationship at the time of the shooting. In light of appellant's contention that he killed the deceased because of deceased's illicit relationship with his wife, evidence of appellant's lack of affection for his wife would be admissible to refute his asserted motive for the killing. 40 C. J. S. *Homicide* § 226(b) (1944). Appellant alleges that this evidence attacked his character and consequently should have been excluded. However, relevant evidence properly admissible for other purposes may not be excluded merely because it incidentally reflects on his character. *State v. Thompson,* S. C., 281 S. E. (2d) 216, 1981; *State v. Faulkner,* 274 S. C. 619, 266 S. E. (2d) 420 (1980).

Immediately after the shooting, appellant drove to the ▮▮▮ deceased's house where appellant's wife was staying.

He forced entry into the residence and pointed his handgun at his wife. His wife and an eye witness testified that appellant then declared: "I just killed Lawrence Wilson. I am going to kill you." Appellant asserts the testimony pertaining to a separate crime was inadmissible. In *State v. Lyle,* 125 S. C. 406, 118 S. E. 803 (1923) we held that evidence of other crimes is admissible to prove the crime charged when it tends to establish:

(1) motive,

(2) intent,

(3) the absence of mistake or accident,

(4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others, or

(5) the identity of the person charged with the commission of the crime on trial.

The test for determining the admissibility of the other crime is its logical relevancy to the particular purpose for which it is sought to be introduced. If it is logically pertinent because it reasonably tends to prove a material fact, it is not rejected merely because it incidentally proves the defendant guilty of another crime. *State v. Lyle,* supra, 118 S. E. at 807. Appellant's statement was evidence of his state of mind or intent at the time the crime was committed and was properly admitted. *State v. Jones,* 273 S. C. 723, 259 S. E. (2d) 120 (1979).

Next appellant asserts that he should have been allowed to testify that a friend had told him the deceased owned a firearm. We agree. The trial judge excluded the evidence as hearsay. In attempting to prove self defense, appellant offered the evidence to show he *believed* the deceased owned a firearm, not to prove the deceased in fact owned a gun. Evidence is not hearsay unless it is offered to show the truth of the matter asserted. *Player v. Thompson,* 259 S. C. 600, 193 S. E. (2d) 531 (1972); *State v. Blackburn,* 271 S. C. 324, 247 S. E. (2d) 334 (1978). However, the appellant was not prejudiced by the exclusion of the evidence because other testimony showing the appellant had notice that the deceased owned a gun was already admitted. Therefore, the evidence would have been merely cumulative. *State v. Blackburn,* supra.

Appellant also contends that the trial court erred when he instructed the jury that appellant had the burden of proving the elements of self defense by a preponderance based on our decisions of *State v. Bolton,* 266 S. C. 444, 223 S. E. (2d) 863 (1976) and *State v. Atchison,* 268 S. C. 588, 235 S. E. (2d) 294 (1977).

Next appellant alleges that the trial judge erred when he instructed the jury that a "reasonable doubt" was a "strong substantial doubt." It is not error to equate substantial doubt with reasonable doubt. *State v. McAlister,* 114

S. C. 402, 103 S. E. 772 (1920); *State v. Glover,* 91 S. C. 562, 75 S. E. 218 (1912); *State v. Senn,* 32 S. C. 392, 11 S. E. 292 (1890).

Appellant attempted to prove he was guilty only of ■ voluntary manslaughter because he killed his wife's paramour in the sudden heat of passion upon a sufficient legal provocation. After instructing the jury about the general law of manslaughter, the trial judge charged the specific law as it related to the killing of a spouse's lover.

The killing of a wife's paramour, a wife's lover, is reduced to manslaughter only when the husband comes upon the pair in guilty embrace or in a flagrantly suggestive situation. The husband who kills the paramour after there is a cooling time is guilty of murder.

This instruction was framed in light of *State v. Herring,* 118 S. C. 386, 110 S. E. 668 (1922). The appellant alleges that the instruction was too narrow. However, the only possible legal provocation in this case is the alleged confrontation of the appellant with his wife's lover. There is no error from the charge because it properly defined the offense of voluntary manslaughter as it applied to the facts.

Appellant also excepts to the trial court's charge that ■ malice may be implied from the use of a deadly weapon.

This issue was resolved against appellant in *State v. Mattison,* S. C., 277 S. E. (2d) 598, 1981, and *State v. Friend,* S. C., 281 S. E. (2d) 106, 1981.

Appellant finally excepts to the trial judge's refusal to include several requested instructions in the jury charge. The trial judge completely and properly instructed the jury on the elements of voluntary manslaughter and self-defense. Since the charge given adequately covered the substance of appellant's requested charges, the trial judge correctly refused appellant's requests to charge. *State v. McDowell,* 272 S. C. 203, 249 S. E. (2d) 916 (1978).

Appellant's conviction of murder and mandatory life imprisonment sentence are affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.