549 S.E.2d 601

Jay Walter TATE, Jr., Petitioner,

v.

STATE of South Carolina, Respondent.

No. 25308.

Supreme Court of South Carolina.

Heard May 22, 2001.

Decided June 25, 2001.

Rehearing Denied Aug. 8, 2001.

Chief Attorney Daniel T. Stacey, of the South Carolina Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General B. Allen Bullard, Jr., all of Columbia, and Assistant Attorney General Kathleen J. Hodges, of Greenville, for respondent.

WALLER, Justice:

We granted a writ of certiorari to review the denial of post-conviction relief (PCR) to petitioner on an issue related to his indictments. We affirm.

## FACTS

Petitioner was indicted for murder and assault and battery with intent to kill (ABIK). On both indictments, the caption reads, in pertinent part, as follows:

At a Court of General Sessions, convened on, the Grand Jurors of *Cherokee* County present upon their oath....

Thus, the County information is filled in, but the date information for when the grand jury convened is not. Likewise, on the back of both indictments, the County information is supplied, but the Term information is blank. Under the section entitled "ACTION OF GRAND JURY," the indictments are both stamped "TRUE BILL" and signed by the Grand Jury Foreman.

The body of the ABIK indictment reads:

COUNT ONE—ASSAULT AND BATTERY WITH INTENT TO KILL

That Jay Walter Tate Jr. did in Cherokee County on or about June 1, 1994, with malice aforethought commit an assault and battery upon one Joe Stanley Murray, Jr. with intent to kill the said victim.

The body of the murder indictment reads:

COUNT ONE—MURDER

That Jay Walter Tate Jr. did in Cherokee County on or about June 1, 1994, feloniously, wilfully and with malice aforethought kill one Brenda Tate by means of stabbing her and that the said victim died as a proximate result thereof.

580

Petitioner was tried for stabbing his wife, who died, and his stepson. The crimes were committed on June 1, 1994. The trial occurred on January 17 and 18, 1995. At the outset of the trial, the solicitor called the indictments by number [1] and indicated that each had been true billed. No objection was made to the indictments. A jury convicted petitioner of murder and assault and battery of a high and aggravated nature (ABHAN). The trial court sentenced him to life for murder and nine years concurrent for ABHAN. This Court dismissed his direct appeal for failure to file the Record on Appeal.

Petitioner filed for PCR. With the exception of the claim regarding his direct appeal, the PCR court denied petitioner relief. On petition for certiorari, this Court granted petitioner a belated appeal and affirmed his convictions based on the direct appeal issue raised. However, we also granted certiorari on the following issue:

Are the indictments invalid because neither show the date on which the grand jury convened?

## DISCUSSION

Petitioner argues that counsel was ineffective in failing to object to the indictments because the space for the date in the caption showing when the grand jury met is blank. Alternatively, petitioner contends that this omission deprived the trial court of subject matter jurisdiction because without the date on which the grand jury met, the indictments fail to establish that the grand jury timely acted on the charges.

■ To establish a claim of ineffective assistance of trial counsel, a PCR applicant must show that: (1) counsel's representation fell below an objective standard of reasonableness and, (2) but for counsel's errors, there is a reasonable probability the result at trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Johnson v. State*, 325 S.C. 182, 480 S.E.2d 733 (1997). This Court must affirm the PCR court's decision when its findings are supported by any evidence of probative value. *E.g., Cherry v. State*, 300 S.C. 115, 386 S.E.2d 624 (1989).

---

1. The murder indictment was Docket No. 94–GS–11–928 and the ABIK indictment was Docket No. 94–GS–11–929.

■ Petitioner's counsel should have raised an objection to these indictments because the date information was blank. Nonetheless, we find there is no prejudice from counsel's conduct since the omissions in the indictments do not invalidate them. In other words, the defect in the caption did not affect the trial court's subject matter jurisdiction over this case.

■ The regularity of the proceedings of a court of general jurisdiction will be assumed in the absence of evidence to the contrary. *Pringle v. State*, 287 S.C. 409, 339 S.E.2d 127 (1986). This Court has stated that "the caption of an indictment should show the place and date at which the court was held and the indictment found." *State v. Griffin*, 277 S.C. 193, 196, 285 S.E.2d 631, 633 (1981). However, any "omissions may be corrected by other parts of the indictment." *Id.*

■ Furthermore, the caption of an indictment is no part of the finding of the grand jury. *State v. Lark*, 64 S.C. 350, 42 S.E. 175 (1902). Instead, "[i]t is the body of the indictment rather than its caption that is important. If the body specifically states the essential elements of the crime and is otherwise free from defect, defect in the caption will not cause it to be invalid." *State v. Marshall and Brown–Sidorowicz, P.A.*, 2 Kan.App.2d 182, 577 P.2d 803, 811 (1978); *see also* 42 C.J.S. *Indictments and Information* § 28 (1991) ("Defects in a caption will not invalidate an indictment which is otherwise good and sufficient.").

In *Griffin*, the murder indictment did not have the blanks filled in for the date and county of the grand jury's convention. On the back of the indictment, however, the county and date were specified, and the grand jury foreman's signature appeared below the words "True Bill." Thus, we ruled that the trial court correctly refused to quash the indictment. *Griffin, supra.*

In the instant case, the back of the indictment does *not* specify the date the grand jury met. Nevertheless, we find the record amply supports the conclusion that there was no irregularity in the proceedings. First, we note the 94–prefix on the docket numbers indicates that the grand jury met in 1994. *See* footnote 1, *supra.* In addition, we find the grand

jury necessarily convened *after* the crime had been committed. *See Lark, supra* (noting absurdity of argument that an indictment was found before crime was committed). Moreover, the record clearly reflects that the indictments had been true billed by the time the case was called to trial in January 1995. Given that the regularity of the proceedings of a court of general jurisdiction will be assumed absent evidence to the contrary, *Pringle, supra,* we hold that the record in this case establishes the grand jury met and acted in a timely fashion.

Furthermore, we note there is no challenge to the sufficiency of the body of the indictments, and our own review confirms that the indictments properly state the counts of murder and ABIK. Therefore, the defects in the captions do not vitiate these indictments. *See State v. Marshall and Brown–Sidorowicz, P.A., supra* (a defect in the caption will not cause indictment to be invalid if the body specifically states the essential elements of the crime).

Despite the lack of information regarding the date on which the grand jury met, the indictments were substantively sufficient to confer subject matter jurisdiction. Accordingly, petitioner cannot show any prejudice from counsel's failure to object to the indictments.[2]

## CONCLUSION

On petitioner's claim challenging the indictments, we affirm the PCR court's order denying relief.

**AFFIRMED.**

TOAL, C.J., and MOORE, BURNETT and PLEICONES, JJ., concur.

---

**2.** Although the parties in their briefs cite *State v. Grim,* 341 S.C. 63, 533 S.E.2d 329 (2000), *Anderson v. State,* 338 S.C. 629, 527 S.E.2d 398 (Ct.App.2000), and *State v. Bultron,* 318 S.C. 323, 457 S.E.2d 616 (Ct.App.1995), we find them inapposite to the issue at bar. These three cases all involved indictments which had not been stamped "True Bill." In *Anderson* and *Grim,* the matter was remanded to determine whether the indictments had, in fact, been true billed; in *Bultron,* the Court of Appeals held that the evidence from a hearing to quash the indictment showed that the indictment had been true billed. The failure on an indictment to reflect *the action taken* by the grand jury is completely distinguishable from the omission in the caption of the date on which the grand jury convened. We therefore reject petitioner's suggestion that this matter necessitates a remand.