THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT 
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Daniel Webster Williams, Jr.,       
Appellant.
 
 
 

Appeal From Greenville County
C. Victor Pyle, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-408
Submitted March 19, 2004  Filed June 24, 2004

AFFIRMED IN PART, REVERSED IN PART
AND REMANDED

 
 
 
Assistant Appellate Defender 
 Robert M. Pachak, of Columbia, for Appellant
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 all of Columbia; and Solicitor Robert M. Ariail, of Greenville, for Respondent.
 
 
 

HOWARD, 
 J.: Daniel Webster Williams was convicted of shoplifting and assault 
 of a high and aggravated nature (AHAN).  The circuit court sentenced Williams 
 to nine years imprisonment for shoplifting and one year imprisonment for AHAN.  
 On appeal, Williams argues the circuit court lacked subject matter jurisdiction 
 to convict and sentence him to nine years imprisonment for shoplifting because 
 the indictment against him alleged an incorrect subsection of the shoplifting 
 statute.  Williams also argues the circuit court erred by denying his request 
 to charge the jury on simple assault as a lesser-included offense of AHAN.
FACTUAL/PROCEDURAL BACKGROUND
K-marts loss prevention manager allegedly saw Williams 
 concealing childrens clothing in the front of his pants and jacket.   According 
 to the loss prevention manager, he attempted to stop Williams as he exited the 
 store.  Williams proceeded into the K-Mart parking lot, and the loss prevention 
 manager grabbed Williams arm.  Williams then began swinging at him with a box 
 cutter.  
As a result of this incident, Williams was indicted 
 and tried for shoplifting and AHAN.  At trial, the defense requested a jury 
 charge on the offense of simple assault as a lesser-included offense of AHAN.  
 The circuit court denied the request.  Subsequently, Williams was convicted 
 and sentenced to nine years imprisonment for shoplifting and one year imprisonment 
 for AHAN.    
LAW/ANALYSIS
I.       Indictment
Williams argues the 
 circuit court lacked subject matter jurisdiction to convict and sentence him 
 to nine years imprisonment for shoplifting because the indictment against him 
 alleged an incorrect subsection of the shoplifting statute.  We disagree.
Issues related to subject matter 
 jurisdiction may be raised at any time.  Carter v. State, 329 S.C. 355, 
 362, 495 S.E.2d 773, 777 (1998). A circuit court has subject matter jurisdiction 
 if: (1) there has been an indictment which sufficiently states the offense; 
 (2) there has been a waiver of indictment; or (3) the charge is a lesser included 
 offense of the crime charged in the indictment.  Id.   The true test 
 of the sufficiency of an indictment is not whether it could be made more definite 
 and certain, but whether it contains the necessary elements of the offense intended 
 to be charged and sufficiently apprises the defendant of what he must be prepared 
 to meet.  Browning v. State, 320 S.C. 366, 368, 465 S.E.2d 358, 359 
 (1995).  
The caption of an 
 indictment is no part of the finding of the grand jury; instead, it is the body 
 of the indictment that is important.  Tate v. State, 345 S.C. 577, 581, 
 549 S.E.2d 601, 603 (2001).  If the body of an indictment specifically states 
 the essential elements of the crime and is otherwise free from defect, a defect 
 in the caption will not cause it to be invalid.  Id.
South Carolina Code 
 Ann. section 16-13-110(A) is the statute prohibiting the offense of shoplifting.  
 Section 16-13-110(B), delineating potential sentences based on the value of 
 the shoplifted merchandise, provides:

A person who violates the provisions 
 of this section is guilty of a:  (1) misdemeanor triable in magistrates court 
 and, upon conviction, must be fined not more than five hundred dollars or imprisoned 
 not more than thirty days if the value of the shoplifted merchandise is one 
 thousand dollars or less; (2) felony and, upon conviction, must be fined 
 not more than one thousand dollars or imprisoned not more than five years, or 
 both, if the value of the shoplifted merchandise is more than one thousand dollars 
 but less than five thousand dollars; (3) felony and, upon conviction, must be 
 imprisoned not more than ten years if the value of the shoplifted merchandise 
 is five thousand dollars or more.

S.C. Code Ann. § 16-13-110 (B) 
 (Cum. Supp. 1995) (emphasis added).  
Here, the body of 
 the indictment charges Williams with shoplifting  childrens clothing valued 
 at approximately Three Hundred Dollars and No Cents ($300.00) . . . in violation 
 of § 16-13-110 (Cum. Supp. 1995).  Although the body of the indictment does 
 not specify a subsection, shoplifting $300 of merchandise is a violation of 
 subsection (B)(1).  However, the caption on the reverse side of the indictment 
 references subsection 16-13-110(B)(3), which carries a greater sentence.  Williams 
 argues the caption incorrectly charges him with violating section 16-13-110 
 (B)(3) even though the body of the indictment charges him with shoplifting merchandise 
 valued at three hundred dollars, and the circuit court lacked jurisdiction to 
 convict and sentence him under section 16-13-110(B)(3).  
We first note, the 
 circuit court did not sentence Williams under section 16-13-110(B)(3).  Rather, 
 Williams was charged and convicted under section 16-13-110(B)(1) for shoplifting 
 merchandise valued at three hundred ($300) dollars, but was sentenced as a third 
 or subsequent offender under S.C. Code Ann. section 16-1-57 (Supp.1995) because 
 he admittedly had three or more prior convictions for shoplifting.  A person 
 convicted of an offense for which the term of imprisonment is contingent upon 
 the value of the property involved must, upon conviction for a third or subsequent 
 offense, be punished as prescribed for a Class E felony.  A person convicted 
 of a Class E felony may be imprisoned for up to ten years.  S.C. Code Ann. § 
 16-1-20(A)(5) (Supp. 1995); see also State v. Lewis, 325 S.C. 
 324, 327, 478 S.E.2d 696, 698 (Ct. App. 1996).
Furthermore, the body 
 of the indictment in this case contained the necessary elements of the offense 
 intended to be charged and sufficiently apprise[d] the defendant of the allegations 
 against him.  Browning, 320 S.C. at 368, 465 S.E.2d at 359.  The body 
 of the indictment charged Williams with shoplifting $300 of childrens clothing 
 in violation of section 16-13-110 and did not mention a subsection.  As Williams 
 was apprised of the charged offense, the error in the caption of the indictment 
 did not render the indictment invalid.  Tate, 345 S.C. at 581, 549 S.E.2d 
 at 603.  
As this was Williams third or subsequent 
 conviction for shoplifting, the circuit court properly sentenced him under the 
 enhanced penalties of S.C. Code Ann. section 16-1-57 (Supp.1995).
II.      Jury Charge
Williams argues the circuit court erred by denying 
 his request to charge the jury on simple assault as a lesser-included offense 
 of AHAN.  We agree.
The law to be charged is determined from the facts 
 presented at trial.  State v. Lewis, 328 S.C. 273, 278, 494 S.E.2d 115, 
 117 (1997).  An instruction on a lesser-included offense is required when the 
 evidence presented indicates the defendant may be guilty only of a lesser offense.  
 A requested charge is properly refused where there is no evidence tending to 
 show the defendant was guilty only of the lesser offense.  State v. Tyndall, 
 336 S.C. 8, 16, 518 S.E.2d 278, 282 (1999).  However, a circuit court commits 
 reversible error if it fails to give a requested charge if there is evidence 
 from which it could be inferred the defendant committed the lesser, rather than 
 the greater offense.  State v. Sprouse, 325 S.C. 275, 285, 478 
 S.E.2d 871, 877 (Ct. App. 1996).  
In determining whether a circuit court 
 erred in refusing to give a requested charge, an appellate court must review 
 the evidence and issues presented at trial.  State v. Gadsden, 314 S.C. 
 229, 232, 442 S.E.2d 594, 597 (1994); see State v. Caulder, 287 
 S.C. 507, 513, 339 S.E.2d 876, 880 (Ct. App. 1986) (holding when reviewing a 
 jury charge, an appellate court must consider the charge as a whole and in light 
 of the evidence and issues presented at trial).
The test for determining when a crime is a lesser 
 included offense is whether the greater of the two offenses includes all the 
 elements of the lesser offense.  Knox v. State, 340 S.C. 81, 84, 530 
 S.E.2d 887, 888 (2000).
Assault and battery of a high and aggravated nature (ABHAN) is an unlawful 
 act of violent injury accompanied by circumstances of aggravation.  State 
 v. Primus, 349 S.C. 576, 580, 564 S.E.2d 103, 105 (2002).  Circumstances 
 of aggravation include the use of a deadly weapon, the intent to commit a felony, 
 infliction of serious bodily injury, great disparity in the ages or physical 
 conditions of the parties, a difference in gender, the purposeful infliction 
 of shame and disgrace, taking indecent liberties or familiarities with a female, 
 and resistance to lawful authority.  Id. at 580-81, 564 S.E.2d. at 105-06.  
 [A]ssault of a high and aggravated nature contains the same elements of ABHAN 
 with the exception of the element of touching the victim . . . .  State 
 v. Murphy, 322 S.C. 321, 325, 471 S.E.2d 739, 741 (Ct. App. 1996).  Simple 
 assault is an attempted battery or an unlawful attempt or offer to commit a 
 violent injury upon another person, coupled with the present ability to complete 
 the attempt or offer by a battery.  State v. Sutton, 340 S.C. 393, 397, 
 532 S.E.2d 283, 285 (2000).  Thus, assault of a high and aggravated nature contains 
 all of the elements of simple assault, plus the circumstance of aggravation.  
 Consequently, simple assault is a lesser-included offense of assault of a high 
 and aggravated nature.  
At trial, the victim testified Williams attempted 
 to strike him with a box cutter.  The State argued the use of a box cutter constituted 
 the aggravating circumstance.  In contrast, Williams testified he did not have 
 any weapons, and he swung at the victim two or three times with his fist when 
 the victim grabbed him without explanation in the parking lot. 
Williams testimony provides evidence from which 
 the jury could find there was no box cutter, and in a light most favorable to 
 Williams, no circumstance of aggravation.  Therefore, his testimony would support 
 a conclusion he was guilty of the lesser offense of simple assault.  See 
  State v. Sutton, 340 S.C. 393, 397, 532 S.E.2d 283, 285 (2000) (holding 
 simple assault is an attempted battery or an unlawful attempt or offer to commit 
 a violent injury upon another person, coupled with the present ability to complete 
 the attempt or offer by a battery.).  Consequently, the circuit court erred 
 in refusing to charge the lesser-included offense of simple assault.  Sprouse, 
 325 S.C. at 285, 478 S.E.2d at 877.
CONCLUSION
For the foregoing reasons, Williams conviction for shoplifting is AFFIRMED.  
 Williams conviction for assault of a high and aggravated nature is REVERSED, 
 and the case is REMANDED for a new trial on the indictment for AHAN.  

AFFIRMED IN PART, REVERSED IN PART, and REMANDED. [1] 
GOOLSBY and BEATTY, JJ., concurring.

 
 
 [1] Because oral argument would not aid the Court in resolving any issue 
 on appeal, we decide this case without oral argument pursuant to Rule 215, 
 SCACR.