**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Carvin Holman, Appellant.

Appellate Case No. 2012-213249

Appeal From Orangeburg County
Edgar W. Dickson, Circuit Court Judge

Unpublished Opinion No. 2015-UP-182
Heard March 2, 2015 – Filed April 8, 2015

**AFFIRMED**

Franklin B. Joyner, Jr., of Joyner Law Firm, P.C., of Cheraw, and Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Senior Assistant Attorney General Melody Jane Brown, all of Columbia; and Solicitor David Michael Pascoe, Jr., of Orangeburg, for Respondent.

**PER CURIAM:** Carvin Holman appeals his convictions for murder, first-degree burglary, kidnapping, and possession of a weapon during the commission of a violent crime. He argues the trial court erred in (1) admitting photographs of the victim's body because the probative value of the photos was substantially outweighed by the danger of unfair prejudice and (2) not giving a voluntary manslaughter jury instruction when there was evidence that Holman's wife was in an adulterous relationship with the victim. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in admitting photos of the victim's body: *State v. Williams*, 409 S.C. 455, 463, 761 S.E.2d 770, 775 (Ct. App. 2014) ("The admission or exclusion of evidence is left to the sound discretion of the trial [court], whose decision will not be reversed on appeal absent an abuse of discretion." (alteration in original) (internal quotation marks omitted)); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *Williams*, 409 S.C. at 464, 761 S.E.2d at 775 ("A trial [court]'s decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances." (alteration in original) (internal quotation marks omitted)); *State v. Nance*, 320 S.C. 501, 508, 466 S.E.2d 349, 353 (1996) ("If [an] offered photograph serves to corroborate testimony, it is not an abuse of discretion to admit it.").

2. As to whether the trial court erred in not charging voluntary manslaughter: *State v. Commander*, 396 S.C. 254, 270, 721 S.E.2d 413, 421-22 (2011) ("An appellate court will not reverse the trial [court]'s decision regarding a jury charge absent an abuse of discretion." (internal quotation marks omitted)); *State v. Gadsden*, 314 S.C. 229, 232, 442 S.E.2d 594, 597 (1994) ("[W]here there is no evidence to support a finding that the defendant was guilty of the lesser offense, there can be no error in the failure to charge the lesser offense."); *State v. Childers*, 373 S.C. 367, 373, 645 S.E.2d 233, 236 (2007) ("Voluntary manslaughter is the unlawful killing of a human being in the sudden heat of passion upon a sufficient legal provocation." (plurality opinion)); *State v. Griffin*, 277 S.C. 193, 199, 285 S.E.2d 631, 634 (1981), *overruled on other grounds by State v. Belcher*, 385 S.C. 597, 685 S.E.2d 802 (2009) ("The killing of a wife's paramour . . . is reduced to manslaughter only when the husband comes upon the pair in guilty embrace or in a flagrantly suggestive situation. The husband who kills the paramour after there is a

cooling time is guilty of murder."); *State v. Smith*, 363 S.C. 111, 115-16, 609 S.E.2d 528, 530 (Ct. App. 2005) ("Even if sufficient legal provocation has aroused a defendant's passion, if at the time of the killing those passions had cooled or a sufficiently reasonable time had elapsed so that the passions of the ordinary reasonable person would have cooled, the killing would be murder and not manslaughter." (internal quotation marks omitted)).

**AFFIRMED.**

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**