21039

In the Matter of David R. LAWSON, Appellant.
(257 S. E. (2d) 745)

*H. F. Partee* and *Stephen J. Henry,* Greenville, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes,* Columbia, and *Sol. William W. Wilkins, Jr.,* Greenville, *for respondent.*

August 22, 1979.

LITTLEJOHN, Justice:

David R. Lawson, age 15, was charged with carnal knowledge of his sister, age 14, on the 6th day of June, 1978, in violation of § 16-15-20, *Code of Laws of South Carolina* (1976), defining incest and providing the penalty. Such juvenile cases, by statute, are tried by the family court judge without a jury. He was found guilty and committed to the South Carolina Department of Youth Services. He now appeals, alleging errors on the part of the judge (1) in ruling that the victim's testimony required no corroboration, (2) in admitting, over objection, testimony of violent acts by David towards members of his family other than the victim, (3) in permitting the solicitor, in his closing statement to the judge, to argue how David should be treated after conviction, and (4) in refusing to sequester the mother of the accused and of the victim, along with other witnesses.

The incident took place in the early evening of June 6, 1978. The victim did not tell her mother about the happening until the following day. The mother promptly reported the matter to law enforcement officials and thereafter provided the child with a medical examination.

We find no error on the part of the judge in refusing to hold that corroboration was necessary to prove a charge of incest. Counsel for the appellant cites no

common law in this state, and there is no statute requiring corroboration for the charge involved. On the other hand, the General Assembly has addressed the matter of corroboration in kindred offenses. Sections 16-3-651 through 16-3-659 of our Code deal with criminal sexual conduct. Penalties, in the discretion of the court, are provided for as much as 30 years imprisonment. Section 16-3-657 provides as follows:

"The testimony of the victim need not be corroborated in prosecutions under §§ 16-3-652 through 16-3-658."
We decline to rule, although apparently some courts have, that corroboration was necessary.

The appellant submits that the judge erred in allowing testimony relative to David's violent conduct on previous occasions. It is submitted that the evidence was an attack upon the accused person's character. If the case had been tried before a jury, the argument would have more appeal. Certainly, the testimony would have been prejudicial unless the judge had delicately charged the jury the context in which the evidence was to be considered. Here, we have one judicial officer acting as judge of the facts and of the law. The victim had testified that she failed to report the incident promptly because she was afraid of her brother, David. Failure to report such an incident promptly creates an inference that it just didn't happen. It was proper for the victim to point out, by way of her own testimony and that of others, why she failed to report the matter. A review of the transcript convinces us that the judge considered the evidence in the proper context. Counsel for the State, referring to the evidence, told the judge: ". . . it establishes that the three people who live at home with him are fearful of him." The following reflects the judge's understanding of the testimony:

"MR . HENRY: [Appellant's counsel] You noted my character objections?

"THE COURT: No, it's not going to character.

"MR. HENRY: That's what my objection was.

"THE COURT: No, I'm not going to let them attack his character.

"MS. JENNINGS: [for the prosecution] No, sir.

"THE COURT: But as to being afraid of somebody doesn't say that person has a bad character.

"MR. HENRY: That's part of my objection.

"THE COURT: No, I'm not going to let them attack his character but I am going to let them say that they are afraid of him and why and that's all. No character involved and let the record note that you take objections to it."

The exception is not sustained.

We have considered the argument of counsel that the judge erred in permitting the solicitor to argue how David should be treated after conviction, and in refusing to sequester the appellant's mother. Relative to these issues, we are of the unanimous view that a full written opinion would have no precedential value and no error of law appears. These were matters within the discretion of the trial judge, and we find no abuse of that discretion. These issues are dismissed under our Rule 23.

Affirmed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.