22910

The STATE, Respondent v. David Carl FORBES, Appellant.

(372 S. E. (2d) 591)

Supreme Court

*Tony R. Megna,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr., Norman Mark Rapoport* and *Amie L. Clifford,* Columbia, and *Sol. Charles M. Condon,* Charleston, *for respondent.*

Heard Sept. 20, 1988.

Decided Sept. 26, 1988.

GREGORY, Chief Justice:

Appellant was convicted of first degree criminal sexual conduct (CSC) with a minor and committing a lewd act upon a minor. He was sentenced to terms of thirty and ten years respectively. We affirm.

The victim, appellant's daughter, was ten years old at the time the alleged offenses were committed. She testified in great detail at trial that appellant forced her to perform fellatio and he penetrated her vagina with his finger or penis on several occasions. Appellant denied the allegations.

S. C. Code Ann. § 16-3-655(1) (1985) defines first degree CSC with a minor as a sexual battery on a victim less than

eleven years of age. A sexual battery is an intrusion, however slight, of any part of the victim's body and includes sexual intercourse and fellatio. S. C. Code Ann. § 16-3-651(h) (1985). Appellant claims he was entitled to a charge on assault and battery of a high and aggravated nature (ABHAN) as a lesser included offense of first degree CSC with a minor. We disagree.

ABHAN may be a lesser included offense of first degree CSC with a minor when there is evidence the defendant committed only the lesser rather than the greater offense. *State v. Mathis*, 287 S. C. 589, 340 S. E. (2d) 538 (1986); *see also State v. Goldenbaum*, 294 S. C. 455, 365 S. E. (2d) 731 (1988); *State v. Pressley*, 292 S. C. 9, 354 S. E. (2d) 777 (1987); *State v. Drafts*, 288 S. C. 30, 340 S. E. (2d) 784 (1986). Here the evidence shows appellant committed a sexual battery as defined by § 16-3-651(h) or no battery at all. He was therefore not entitled to a charge of ABHAN.

Appellant's remaining exceptions are without merit and are disposed of pursuant to Supreme Court Rule 23. *See State v. Beachum*, 288 S. C. 325, 342 S. E. (2d) 597 (1986) (issue not preserved if no objection); *In re Lawson*, 273 S. C. 560, 257 S. E. (2d) 745 (1979) (corroboration not required); *State v. Sullivan*, 277 S. C. 35, 282 S. E. (2d) 838 (1981) (testimony elicited on own cross-examination); *State v. Martinez*, 294 S. C. 72, 362 S. E. (2d) 641 (1987) (directed verdict). Accordingly, the judgment of the circuit court is

Affirmed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.