583 S.E.2d 436

**Walter MOULTRIE, III, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

No. 25672.

*Supreme Court of South Carolina.*

Submitted May 29, 2003.

Decided June 30, 2003.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Donald J. Zelenka, of Columbia, for petitioner.

Harry L. DeVoe, Jr., of New Zion, for respondent.

## ON WRIT OF CERTIORARI

### JUSTICE MOORE:

Respondent was convicted of first degree criminal sexual conduct with a minor (CSCM) and sentenced to eighteen years. His conviction was affirmed on appeal to the Court of Appeals by memorandum decision. Respondent then brought this action for post-conviction relief (PCR) which was granted. We reverse.

## FACTS

Respondent was charged with CSCM for digitally penetrating his six-year-old niece's vagina and tearing her vaginal wall just below the cervix. Both CSCM and assault and battery of a high and aggravated nature (ABHAN) were submitted to the jury. Respondent was convicted of CSCM.

On PCR, the judge granted relief for counsel's failure to request a *King*[1] charge, which was required at the time of trial.[2] A *King* charge would have instructed the jury to resolve any doubt in favor of the lesser offense.

## ISSUE

Was respondent prejudiced by trial counsel's failure to request a *King* charge?

## DISCUSSION

Under S.C.Code Ann. § 16-3-655(1) (2003), CSCM is a sexual battery on a child less than eleven years old. A sexual battery is any intrusion, however slight, into the victim's body. § 16-3-651(h). Respondent testified, contrary to the victim's testimony, he did not penetrate her. He claimed her injury occurred when she fell out of a bunk bed while he was asleep

---

1. *State v. King*, 158 S.C. 251, 155 S.E. 409 (1930).

2. After *Brightman v. State*, 336 S.C. 348, 520 S.E.2d 614 (1999), a *King* charge is no longer required.

648

in another room. Medical testimony indicated the victim's internal injury could have been caused only by penetration of the vagina and not by an external blow.

Under the evidence presented, respondent was guilty of a sexual battery or no battery at all. In such a case, the defendant is not entitled to a charge of ABHAN as a lesser-included offense of CSCM. *State v. Forbes*, 296 S.C. 344, 372 S.E.2d 591 (1988). Where there is no evidence to support an instruction on the lesser offense, a PCR applicant cannot show prejudice from the failure to request a *King* charge. *Bell v. State*, 321 S.C. 238, 467 S.E.2d 926 (1996); *Gilmore v. State*, 314 S.C. 453, 445 S.E.2d 454 (1994). Since respondent was not entitled to a charge on ABHAN, there is no prejudice from counsel's failure to request a *King* charge. Accordingly, PCR was improperly granted. *Brown v. State*, 340 S.C. 590, 533 S.E.2d 308 (2000) (grant of PCR reversed where there no prejudice is shown).

**REVERSED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.