THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT 
 SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED 
 BY RULE 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Patrick Guess,       
Appellant.
 
 
 

Appeal From Richland County
Henry F. Floyd, Circuit Court Judge

Unpublished Opinion No. 2004-UP-399
Submitted May 12, 2004  Filed June 22, 2004

AFFIRMED

 
 
 
Assistant Appellate Defender Aileen P. Clare, of Columbia, 
 for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 all of Columbia; and Solicitor Warren Blair Giese, of Columbia; for Respondent.
 
 
 

PER CURIAM:  Patrick Guess was convicted 
 of second-degree criminal sexual conduct (CSC) with a minor and sentenced to 
 twelve years imprisonment.  Guesss appeal was originally filed pursuant to 
 Anders v. California, 386 U.S. 738 (1967).  After reviewing the record 
 and briefs pursuant to Anders, this Court found the only issues of arguable 
 merit were whether assault and battery of a high and aggravated nature (ABHAN) 
 was a lesser-included offense of second-degree CSC with a minor, and, if so, 
 whether the trial judge erred in failing to charge the jury on the lesser-included 
 offense.  The parties have re-briefed these issues, which are the only issues 
 considered on appeal.  We affirm. 
 [1] 
FACTS
The State presented evidence at 
 trial that eighteen-year-old Guess lured his fourteen-year-old neighbor (Victim) 
 to an abandoned house and sexually assaulted her.  Victim testified that Guess 
 grabbed her wrist when he led her to the abandoned house, and there he penetrated 
 her vagina during the assault.   Victim further testified that Guess repeatedly 
 inserted his penis into her vagina and subsequently ejaculated on the ground.  
 Semen collected from Victims underwear was confirmed through DNA testing to 
 be a positive match to Guess.  However, a medical examination of Victim was 
 inconclusive as to penetration.   Guess did not testify at trial.  However, 
 in his statement to police and in a conversation with Victims mother, Guess 
 denied sexually assaulting or even touching Victim.   
At the close of the evidence, Guess requested a 
 charge of ABHAN as a lesser-included offense of second-degree CSC with a minor.  
 The court denied the request, and Guess was ultimately convicted of second-degree 
 CSC with a minor and sentenced to twelve years imprisonment.  Guess appeals.  

LAW/ANALYSIS
 Guess argues the trial court erred in failing 
 to charge the jury on the law of ABHAN because it is a lesser-included offense 
 of second-degree CSC with a minor.  Even assuming ABHAN is a lesser-included 
 offense of second-degree CSC with a minor, the evidence did not support the 
 requested instruction.  See Moultrie v. State, 354 S.C. 646, 
 648, 583 S.E.2d 436, 437 (2003) (implicitly recognizing ABHAN as a lesser-included 
 offense of CSC with a minor).  Thus, we find no error.
 The law charged to the jury is determined by 
 the evidence presented at trial.  State v. Blurton, 352 S.C. 203, 207, 
 573 S.E.2d 802, 804 (2002).  With regard to lesser-included offenses, [t]he 
 trial judge is required to charge the jury on a lesser[-]included offense 
 if there is evidence from which it could be inferred that the defendant committed 
 the lesser rather than the greater offense.  State v. Murphy, 322 
 S.C. 321, 325, 471 S.E.2d 739, 741 (Ct. App. 1996).  In other words, where 
 there is no evidence to support a finding that the defendant was guilty of 
 the lesser offense, there can be no error in the failure to charge the lesser 
 offense.  State v. Gadsden, 314 S.C. 229, 232, 442 S.E.2d 594, 596-97 
 (1994).  This Court cannot reverse the trial courts refusal to give a requested 
 jury instruction unless the refusal was both erroneous and prejudicial.  State 
 v. Burkhart, 350 S.C. 252, 263, 565 S.E.2d 298, 304 (2002); State v. 
 Harrison, 343 S.C. 165, 173, 539 S.E.2d 71, 75 (Ct. App. 2000).  
 Second-degree CSC with a minor is statutorily 
 defined as the sexual battery of a minor between the ages of eleven and fourteen 
 years old.  S.C. Code Ann. § 16-3-655(2) (2003).  ABHAN, however, is an unlawful 
 act of violent injury accompanied by circumstances of aggravation.  State 
 v. Fennell, 340 S.C. 266, 274, 531 S.E.2d 512, 516 (2000).  Circumstances 
 of aggravation include the use of a deadly weapon, the intent to commit a 
 felony, infliction of serious bodily injury, great disparity in the ages or 
 physical conditions of the parties, a difference in gender, the purposeful 
 infliction of shame and disgrace, taking indecent liberties or familiarities 
 with a female, and resistance to lawful authority.  State v. Primus, 
 349 S.C. 576, 580-81, 564 S.E.2d 103, 105-06 (2002).  
 In the present case, there is nothing 
 in the record that could support a charge of ABHAN.  Guess not only verbally 
 denied touching Victim, but in his statement to police, he denied having sex 
 with her at all.  At trial, Guesss counsel contended, it could be argued 
 that [Guess and Victim] were together, and there was no penetration but a 
 sexual battery.  Sexual battery, however, is an element of second-degree 
 CSC with a minor.  As the trial judge correctly stated, either sexual intercourse 
 occurred or it did not.   If no sexual battery occurred, Guess would simply 
 be found not guilty of second-degree CSC with a minor.  The evidence does 
 not otherwise support a charge of ABHAN.
 Under the evidence presented at trial, we conclude 
 the jury could not have inferred Guess took indecent liberties or familiarities 
 with the female victim  an aggravating circumstance that would support a 
 conviction for ABHAN  without finding him guilty of second-degree CSC with 
 a minor.  See Moultrie, 354 S.C. at 648, 583 S.E.2d at 437 (Under 
 the evidence presented, respondent was guilty of a sexual battery or no battery 
 at all.  In such a case, the defendant is not entitled to a charge of ABHAN 
 as a lesser-included offense of CSCM.).  Because there was no evidence to 
 support ABHAN, the trial court did not err in declining to charge ABHAN.
 CONCLUSION
 Based upon the foregoing, Guesss 
 conviction and sentence are
 AFFIRMED.
 HEARN, C.J., STILWELL, J. and 
 CURETON, A.J., concur.

 
 
 [1] We decide this case without oral argument pursuant to Rule 215, SCACR.