State v. Compton

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Luther R. Smith, Petitioner,
v.
State of South Carolina, Respondent. 
 
 
 

Appeal From Anderson County
H. Dean Hall, Circuit Court Judge
J.C. Nicholson, Jr. Circuit Court Judge

Unpublished Opinion No. 2006-UP-218
Heard March 27, 2006  Filed April 18, 2006

AFFIRMED

 
 
 
Tara Dawn Shurling, of Columbia, for Petitioner. 
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Christopher L. Newton, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  We granted a writ of certiorari to review the dismissal of Petitioners application for post-conviction relief (PCR).  
Following oral argument, the dismissal is affirmed pursuant to Rule 220(c), SCACR, and the following authorities:  Hall v. Catoe, 360 S.C. 353, 359, 601 S.E.2d 335, 338 (2004) (providing that an appellate court must affirm the factual findings of the PCR court if there is any probative evidence in the record to support them); Patterson v. State, 359 S.C. 115, 117, 597 S.E.2d 150, 151 (2004) (providing, [t]o establish a claim of ineffective assistance of counsel, the PCR applicant must establish that trial counsels representation fell below an objective standard of reasonableness and that, but for counsels errors, there is a reasonable probability the result would have been different); State v. Irick, 344 S.C. 460, 464, 545 S.E.2d 282, 284 (2001) (The trial judges determination of admissibility will not be disturbed absent abuse of discretion resulting in prejudice to the complaining party.); Moultrie v. State, 354 S.C. 646, 648, 583 S.E.2d 436, 437 (2003) (a charge on ABHAN as a lesser-included offense of criminal sexual conduct with a minor is not warranted where defendant denies any assault occurred); Thrift v. State, 302 S.C. 535, 539, 397 S.E.2d 523, 526 (1990) (appellate counsel is not required to raise every nonfrivolous issue that is presented by the record.).  
 AFFIRMED.
ANDERSON, STILWELL, and WILLIAMS, JJ., concur.