**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Brad Bernard Dawkins, Appellant.

Appellate Case No. 2015-002254

---

Appeal From Laurens County
Eugene C. Griffith, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2017-UP-442
Heard September 20, 2017 – Filed November 29, 2017

---

**AFFIRMED**

---

Miller W. Shealy, Jr., of Miller Shealy Law Firm, of Charleston, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Vann Henry Gunter, Jr., both of Columbia, and Solicitor David Matthew Stumbo, of Greenwood, all for Respondent.

---

**PER CURIAM:** Appellant Brad Bernard Dawkins appeals his convictions for lewd act upon a minor (lewd act) and second-degree criminal sexual conduct with a minor (CSC with a minor), arguing the trial court erred by (1) refusing to charge

the jury on the lesser included offense of assault and battery of a high and aggravated nature (ABHAN), (2) denying his motion for a directed verdict, and (3) allowing the State to make improper comments during its closing argument. We affirm.

1. We find the trial court did not abuse its discretion by refusing to charge the jury on the lesser included charge of ABHAN. First, we agree with Dawkins that ABHAN is a lesser included offense of CSC with a minor because our courts have traditionally made such a finding. *See State v. Geiger*, 370 S.C. 600, 606, 635 S.E.2d 669, 672 (Ct. App. 2006) (explaining a crime may be a lesser included offense if it "has traditionally been considered a lesser included offense of the greater"); *State v. Gilmore*, 396 S.C. 72, 76, 719 S.E.2d 688, 690 (Ct. App. 2011) ("ABHAN is a lesser[]included offense of first[-]degree CSC."); *Moultrie v. State*, 354 S.C. 646, 648, 583 S.E.2d 436, 437 (2003) (allowing ABHAN as a lesser included offense of CSC with a minor); *State v. Forbes*, 296 S.C. 344, 345, 372 S.E.2d 591, 592 (1988) ("ABHAN may be a lesser included offense of first[-]degree CSC with a minor when there is evidence the defendant committed only the lesser rather than the greater offense.").

Next, although ABHAN may be a lesser included offense of CSC with a minor, we find the trial court did not abuse its discretion by refusing to charge the jury on ABHAN. *See State v. Stanko*, 402 S.C. 252, 264, 741 S.E.2d 708, 714 (2013) ("[An appellate court] will not reverse a trial court's decision regarding a jury instruction absent an abuse of discretion."); *State v. Lemire*, 406 S.C. 558, 565, 753 S.E.2d 247, 251 (Ct. App. 2013) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (quoting *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000))). After thoroughly considering the evidence presented during Dawkins's trial, we find the evidence did not support a finding that he committed ABHAN rather than CSC with a minor. *See State v. Brown*, 362 S.C. 258, 262, 607 S.E.2d 93, 95 (Ct. App. 2004) ("If there is any evidence to support a jury charge, the trial [court] should grant the request."); *State v. Crosby*, 355 S.C. 47, 51, 584 S.E.2d 110, 112 (2003) ("A trial court should refuse to charge a lesser[]included offense only whe[n] there is no evidence the defendant committed the lesser *rather than* the greater offense." (emphasis added)).

To the extent Dawkins claims he was entitled to a charge on ABHAN because the jury could have believed and disbelieved parts of the victim's testimony, we disagree. The victim's testimony regarding events prior to November 30, 2009, if believed by the jury, amounted to sexual battery and CSC with a minor. In his

defense, Dawkins testified the victim's allegations were untrue.  Based on this evidence, with regard to the victim's allegations of their encounters prior to November 30, 2009, Dawkins either committed sexual battery and CSC with a minor or no battery at all.  Thus, he was not entitled to a jury charge on the lesser included offense of ABHAN.  *See Moultrie*, 354 S.C. at 648, 583 S.E.2d at 437 (finding the defendant was not entitled to a jury charge on the lesser included offense of ABHAN because the evidence supported a finding that either the defendant was guilty of sexual battery and CSC or no battery at all); *Forbes*, 296 S.C. at 345, 372 S.E.2d at 592 (concluding the defendant was not entitled to a jury charge on ABHAN because the evidence showed either he committed sexual battery and was guilty of CSC or he committed no battery at all).

Additionally, to the extent Dawkins argues the victim's testimony regarding their specific interaction on November 30, 2009, could have amounted to ABHAN, rather than CSC with a minor, because the victim admitted there was no penetration during that encounter, we find he was not entitled to a jury charge on ABHAN as a lesser included offense.  *See Gilmore*, 396 S.C. at 78–79, 719 S.E.2d at 691 (explaining a defendant is not entitled to a jury charge on ABHAN as a lesser included offense when the evidence supports a conclusion the ABHAN occurred in addition to the CSC).  In *Dempsey v. State*, the defendant claimed he was entitled to a jury charge on ABHAN because there was evidence he physically abused the victim in a nonsexual way.  363 S.C. 365, 371, 610 S.E.2d 812, 815 (2005).  However, our supreme court disagreed because the evidence of nonsexual, physical abuse was in addition to the evidence of several independent, noncontemporaneous instances of alleged CSC.  *Id*.  Thus, the court concluded that although there was "evidence of conduct that could be construed as ABHAN, none of these incidents was alleged to have occurred instead of the" instances of CSC.  *Id*.  In this case, although the evidence surrounding the encounter on November 30, 2009, may have supported a finding of ABHAN, it merely supported a finding that ABHAN occurred in addition to the prior instances of alleged CSC with a minor.  Under such circumstances, Dawkins was not entitled to a jury charge on ABHAN as a lesser included offense of CSC with a minor because there was no evidence supporting an inference that ABHAN occurred rather than CSC with a minor.  Accordingly, we affirm on this issue.

2. We find the trial court did not err by denying Dawkins's motion for a directed verdict because the State presented sufficient evidence to show the alleged incidents occurred in Laurens County.  *See State v. Bennett*, 415 S.C. 232, 235, 781 S.E.2d 352, 353 (2016) ("On appeal from the denial of a directed verdict, this [c]ourt reviews the evidence and all reasonable inferences in the light most

favorable to the State." (quoting *State v. Butler*, 407 S.C. 376, 381, 755 S.E.2d 457, 460 (2014))); *State v. Cain*, 419 S.C. 24, 33, 795 S.E.2d 846, 851 (2017) ("We review the denial of a directed verdict motion in a criminal case under the any evidence standard of review."); *State v. Williams*, 321 S.C. 327, 333, 468 S.E.2d 626, 630 (1996) ("A criminal defendant is entitled to a directed verdict when the State fails to present evidence that the offense was committed in the county alleged in the indictment."); *State v. Taylor*, 399 S.C. 51, 62, 731 S.E.2d 596, 602 (Ct. App. 2012) ("However, this is a low evidentiary threshold."); *State v. Crocker*, 366 S.C. 394, 404, 621 S.E.2d 890, 895 (Ct. App. 2005) ("The standard for establishing venue is not a stringent one, for 'venue, like jurisdiction, in a criminal case need not be affirmatively proved, and circumstantial evidence of venue, though slight, is sufficient.'" (quoting *Williams*, 321 S.C. at 334, 468 S.E.2d at 630)). Based on the victim's testimony that some of the incidents occurred in Laurens County, we find the State met its burden, and the trial court did not err by denying Dawkins's motion for directed verdict.

3. With regard to Dawkins's argument that the trial court erred by allowing the State to make improper comments during its closing argument, we affirm because the argument is unpreserved. Dawkins failed to make any objection when the State made the comments. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693–94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal."); *State v. Varvil*, 338 S.C. 335, 339, 526 S.E.2d 248, 251 (Ct. App. 2000) ("Failure to object to comments made during argument precludes appellate review of the issue.").

**AFFIRMED.**

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**