19330

The STATE, Respondent, v. Willie WILLIAMS, Appellant
(185 S. E. (2d) 529)

*Matthew J. Perry, Esq.* of *Jenkins, Perry & Pride,* Columbia, *for Appellant,* cites:

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair, Asst. Atty. Gen.,* of Columbia and *Phillip K. Wingard, Sol.* of Lexington, *for Respondent,* cite:

December 2, 1971.

LEWIS, Justice:

Appellant was convicted of assault and battery of a high and aggravated nature and received a sentence of eight years. His appeal challenges the admissibility of an in-court identification of him by the prosecutrix and the sufficiency of the evidence to sustain the conviction.

Prosecutrix was an industrial nurse employed at Riegel Textile Mill, Johnston, South Carolina. She had left her

work about 4:45 P. M. on March 11, 1970, and was on her way home, driving her automobile, when she heard a horn blow, looked in her rear-view mirror and saw the emergency signal lights flashing on a following vehicle and the driver waving his hand. She interpreted the signals as requesting her to stop. She stated that she thought an emergency had probably developed at the mill and that her return was being sought. She accordingly drove to the side of the road, rolled the car window down, and stopped, with the motor running. She saw that the following vehicle had parked behind her and immediately appellant, whom she had never seen before, appeared at her car window. Upon asking him what he wanted, he replied "I want you," and reached both hands through her car window. She then "threw the car in gear and left" and, as she was leaving, appellant's hand rubbed the back of her neck.

As the prosecutrix was driving from the scene, she observed appellant running to his vehicle. He followed her down the highway, bumper to bumper, for about one-half mile. She stopped at a filling station and appellant drove on by. Although she thought at first that the vehicle being driven by appellant was an automobile, she noticed, before he left, that it was a Ranchero pickup truck with the name "Bland Furniture Co." marked on the side.

After appellant had left, the prosecutrix reported the incident to a Deputy Sheriff, Mr. Parker. She gave him a description of the pickup truck, the license number of the vehicle, and a description of the person who allegedly assaulted her.

She described her assailant as "of medium build, fairly small, young, and that his eyes had a strange expression or a strange color, and that he had a lot of hair or, I didn't know what to describe it, but more or less for a young man."

The deputy checked the license number given to him and found that the truck was owned by Bland Furniture Com-

pany, the name reported as appearing on the vehicle. Further investigation revealed that appellant was driving the truck on the afternoon of the alleged attack. On the morning of March 12th, the day following the alleged assault, the prosecutrix identified appellant, from a group of six pictures, as her assailant. A warrant was then issued on March 12th, charging appellant with assault and battery of a high and aggravated nature, upon which he was arrested on the same day.

Appellant was brought to trial on October 27th, 1970. On the trial, the prosecutrix identified him as her assailant, and she and the deputy sheriff testified, over objection, as to the pre-trial identification of appellant by the prosecutrix from the six pictures exhibited to her on March 12th. Timely motions by appellant for a directed verdict of acquittal were denied, and the jury found him guilty of assault and battery of a high and aggravated nature.

The appeal presents two questions:

(1) Was prosecutrix's in-court identification of appellant rendered inadmissible because of her prior identification of him from the photographs?

(2) Was the evidence sufficient to sustain the conviction?

The first question to be determined is whether the in-court identification of appellant by the prosecutrix was rendered inadmissible by her prior identification of him from a photograph. Appellant contends that the in-court identification should have been excluded because (1) in the circumstances it was impermissibly affected by the pre-trial viewing of appellant's photograph by the prosecutrix; and (2) he was not represented by counsel at the time of the pre-trial photographic identification.

The United States Supreme Court, in *Simmons v. United States*, 390 U. S. 377, 88 S. Ct. 967, 19 L. Ed. (2d) 1247, held that, in determining the effect of pre-trial photographic identification upon the admissibility of subsequent eyewitness identification at the trial, "each case must be con-

sidered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."

The circumstances surrounding the identification in this case do not violate the foregoing standard. A full hearing was held, in the absence of a jury, to determine the admissibility of the testimony relating to the pre-trial photographic identification. While there is some conflict in the testimony, the following facts clearly and convincingly appear from the record. The alleged crime took place in the daytime when visibility was clear. Shortly thereafter, the prosecutrix gave to the officer a description of her assailant and the license number and description of the truck he was driving. Further investigation by the officer led to the identification of appellant as the driver of the particular vehicle on the afternoon in question. With this information, six pictures, including that of appellant, were taken from the police files and carried to the prosecutrix within twenty-four hours after she had seen appellant. All of the pictures showed men in ordinary clothes. The photographs were arranged side by side, with no identifying marks and no suggestion as to the identity of the individuals shown. The prosecutrix readily identified the photograph of appellant as that of her assailant. She did not see the pictures again, nor did she see the appellant except on one other occasion, prior to the in-court identification in October 1970, approximately seven months later.

Under the foregoing circumstances, there was no "substantial likelihood of irreparable misidentification."

Appellant also takes the position that the photographic identification of him by the prosecutrix was illegal because his counsel was not present at the time. He contends, in effect, that the photographic identifi-

cation took place *after* his arrest, was a critical stage in the prosecution, and that he had a constitutional right to counsel at such identification procedure.

Appellant testified that he was arrested on Thursday, March 12th; that the police made a picture of him on the following Monday; and that, while he had been previously arrested on two different occasions, he had never been photographed by the police. The inference from his testimony was that the photographic identification by the prosecutrix took place after his arrest, through the use of the photograph taken while he was in custody, and after counsel had been appointed to represent him.

The officer testified that the picture, used in the pre-trial identification, was taken from the police files and was made on a prior arrest of appellant. He admitted that a picture was made of appellant some time after his arrest, but stated that it was not the one used for identification. This second picture was introduced in evidence, in addition to the one allegedly used for identification. Both, the officer and the prosecutrix, testified that it was only after the identification from the pictures that the prosecutrix signed the warrant for appellant's arrest.

While there was some conflict in the testimony as to whether the photograph exhibited to the prosecutrix was one taken from the police files prior to appellant's arrest or one taken of appellant after his arrest, the evidence clearly sustains the conclusion that the photographic identification took place prior to appellant's arrest.

Since the evidence convincingly shows that the photographic identification of appellant took place prior to his arrest and while he was a suspect, the fact that he was not afforded counsel at that time deprived him of no constitutional right. His present contention is based upon the assertion that the photographic identification took place after his arrest and through the use of a photograph taken while he was in custody, a factual premise not sustained by the record.

Finally, appellant contends that the evidence was insufficient to sustain the conviction for assault and battery of a high and aggravated nature. The offense is defined as an unlawful act of violent injury to the person of another, accompanied by circumstances of aggravation. It is not necessary that the prosecuting witness suffer serious bodily harm, and we have consistently held that taking indecent liberties or familiarities with a female, without her consent, constitutes an assault and battery of a high and aggravated nature. *State v. Hollman,* 245 S. C. 362, 140 S. E. (2d) 597.

The testimony adduced on the part of the State made out every element of the offense. The prosecutrix was proceeding in her automobile along the public highway, when appellant by the use of signals caused her to stop, he went to her car and reached in with both hands, to take hold of her. As she hurriedly drove away to protect herself, his hand rubbed her neck. This constituted a battery. His intent in making the assault was unmistakably expressed when he told her: "I want you." The testimony supported the conclusion, evidently drawn by the jury, that the assault amounted to the taking of indecent liberties by appellant with the prosecutrix, which constituted the offense charged.

Appellant also urges that the testimony of the prosecutrix was uncorroborated and that the lack of corroboration should give rise, as a matter of law, to a reasonable doubt that appellant committed the crime charged.

The circumstances in evidence furnished corroboration of the testimony of the prosecutrix. Irrespective however, the only requirement of the law is that the offense charged be proven to the satisfaction of the jury beyond a reasonable doubt. There is no applicable rule which precludes a jury from resolving the issue of reasonable doubt against a defendant on the uncorroborated testimony of the prose-

cuting witness. A defendant is not immune from prosecution for assault and battery simply because the crime was committed at a time and place which precludes its proof except by the testimony of the victim. The evidence presented factual issues for the jury to determine as to the guilt of the appellant. The jury has resolved the issue against him. We find no error.

Judgment affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.