19848

The STATE, Respondent, v. Leroy Jerome ROUSE, Appellant

(206 S. E. (2d) 873)

582

*George A. Payton, Jr., Esq.,* of Charleston, *for Appellant,*

July 2, 1974.

LEWIS, Justice:

Appellant was convicted, as charged under a two-count indictment, of assault and battery of a high and aggravated nature and indecent exposure, receiving a sentence for each offense to run concurrently. He appeals, charging error (1) in the refusal of a motion to require the State to elect on which count it would proceed to trial, (2) in denying a motion for a dirceted verdict of not guilty as to assault and battery of a high and aggravated nature; (3) in refusing a motion for a mistrial because of alleged prejudicial arguments of the Solicitor to the jury, and (4) in alleged limitations placed by the court on the scope of cross-examination permitted by appellant's counsel. We find no merit in any of the exceptions and affirm the judgment.

The prosecuting witness, a young lady, worked for a business establishment in the City of Charleston, South Carolina. On June 20, 1973, about 2 p. m., while she was about her duties with her back turned, appellant made physical contact with her in an offer of sexual intercourse and, when she protested and called for others in the store to summon the police, he made indecent sexual demonstrations with the exposed private parts of his body.

■ Under these facts the trial judge properly refused to require the State to elect between the counts in the indictment.

■ An assault and battery of a high and aggravated nature, as here charged, involved the element of taking indecent liberties with a female, *State v. Williams,* 257 S. C. 257, 185 S. E. (2d) 529; while the offense of indecent exposure consists of the exposure of private parts of the person to the public view, Section 16-413, 1962 Code of Laws, as amended. In the charge of assault and battery there is the element of indecent liberties with a female, which is not necessary in the charge of indecent exposure. Indecent exposure involves the exposure of the private parts to public view, which is unnecessary to the establishment of assault and battery.

Both offenses charged arose out of the same transaction, but each involves elements not necessary to the proof of the other. The charges, although arising out of the same transaction, are therefore separate and distinct; and the State was not required to elect on which it would proceed to trial. *State v. Greuling,* 257 S. C. 515, 186 S. E. (2d) 706.

The denial of the motion of appellant for a directed verdict of not guilty on the charge of assault and battery of a high and aggravated nature is sustained under *State v. Williams, supra.*

In argument to the jury, the Solicitor stated: "As I stated earlier it is uncontradicted what happened in that store that day." Appellant's motion for a mistrial upon the ground that

the foregoing argument constituted an improper comment on appellant's failure to testify was refused by the trial judge, and properly so.

Of course, it is well settled that the prosecution cannot either directly or indirectly comment to the jury on the failure of a defendant to testify in a criminal case. *State v. Robinson,* 238 S. C. 140, 119 S. E. (2d) 671.

The argument in question, however, did not constitute a comment on appellant's failure to testify. Appellant's defense was alibi. The comment did not state that it was uncontradicted as to what appellant did on the occasion in question. Rather the statement referred to what actually took place. As to those events, the testimony was uncontradicted. The controverted issue before the jury was whether appellant was present and did what the uncontradicted testimony showed was done. No argument was made that appellant's participation in the events was shown by uncontradicted testimony.

The final exception that the trial judge prejudicially limited appellant's cross-examination of the witnesses is too general to be considered. An examination of the record however shows that the contention is without factual support.

Judgment affirmed.

Moss, C. J., BUSSEY and LITTLEJOHN, J.J., and E. HARRY AGNEW, A. A. J., concur.