2507

The STATE, Respondent v. Roy Elise MURPHY, Appellant.

(471 S.E. (2d) 739)

Court of Appeals

322

*Assistant Appellant Defender Robert M. Dudek*, of the *South Carolina Office of Appellant Defense*, Columbia, *for appellant*.

*Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott*, and *Senior Assistant Attorney General William Edgar Salter, III*, Columbia; and *Solicitor Thomas E. Pope*, York, *for respondent*.

Submitted Apr. 1, 1996.

Decided Apr. 29, 1996; Reh. Den. June 21, 1996.

ANDERSON, Judge:

Roy Elise Murphy appeals from his conviction for assault with intent to commit criminal sexual conduct (CSC) with a minor in the first degree. Murphy claims the trial judge erred in refusing Murphy's request to charge assault of a high and aggravated nature (AHAN) as a lesser included offense. We reverse.[1]

The State presented testimony that the two-year-old victim, her sister, and her parents reside with Murphy, who is the uncle of the victim's mother. The victim's father testified he interrupted the assault when he walked into the kitchen and saw Murphy attempting to coax the victim to perform fellatio upon him. Murphy's zipper was down and his penis was out. Murphy had one hand on his penis and the other arm on the child's shoulder or head. The father testified when he confronted Murphy, Murphy indicated the child was responsible for the activity. A sheriff's deputy who investigated the incident testified Murphy stated the child's parents "need to teach their children not to play with people's private parts." In his defense, Murphy claimed the parents fabricated the incident because he argued with them over the father's drug use and the mother's failure to keep the home clean, and Murphy believed they wanted to obtain his mobile home. The trial judge denied Murphy's request to charge AHAN, finding the only evidence was that any assault which occurred was of a sexual nature.

---

[1] Because oral argument would not aid the Court in resolving the issues, we decide this case without oral argument.

On appeal, Murphy admits there was evidence Murphy's pants were unzipped, that his penis was outside his pants, and that the victim was near Murphy when Lee Baker entered the kitchen. Murphy agrees there was evidence he committed more than simple assault, but claims there was also evidence to support a verdict of less than assault with intent to commit CSC, that is, that there was evidence he was guilty of only aggravated assault. We agree.

At the conclusion of the evidence, the Defendant requested a lesser included charge of assault of a high and aggravated nature. The State consented to the request of the Defendant. During soliloquy *inter sese* Court and counsel, the Solicitor said: "We would not object to assault of a high and aggravated nature being charged. I would object, however, to simple assault being charged. . . ." Inexplicably, the trial judge refused to honor the consensus emanating from the State and Defendant. After an overnight hiatus, the trial judge concluded that the evidentiary record did not support the submission of a lesser included offense. He ruled that the Defendant was either guilty or not guilty of assault with intent to commit CSC in the first degree. Defendant appeals the refusal of the trial judge to submit a lesser included offense. We reverse.

Under S.C. Code Ann. § 16-3-655 (1985), a person is guilty of CSC in the first degree if the actor engages in sexual battery with a victim who is under eleven years old. "Sexual battery" includes "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any intrusion, however slight, of any part of a person's body. . . ." S.C. Code Ann. § 16-3-651(h) (1985). Assault with intent to commit CSC is punishable as if the criminal sexual conduct was committed. S.C. Code Ann. § 16-3-656 (1985). Hence § 16-3-656 applies when the actual sexual battery was attempted with a present ability to complete the act, but the act was not completed.

The common law offense of assault and battery of a high and aggravated nature (ABHAN) is an unlawful act of violent injury to another accompanied by circumstances of aggravation. *State v. Frazier*, 302 S.C. 500, 397 S.E. (2d) 93 (1990). Examples of circumstances of aggravation include the use of a deadly weapon, the infliction of serious bodily injury, the intent to commit a felony, great disparity between the ages and physical conditions of the parties involved,

and the difference in the sexes. *Id.* Other circumstances include indecent liberties or familiarities with a female, the purposeful infliction of shame and disgrace, and resistance to lawful authority. *State v. Hollman*, 245 S.C. 362, 140 S.E. (2d) 597 (1965); *see also State v. Williams*, 257 S.C. 257, 185 S.E. (2d) 529 (1971) (it is not necessary that the victim suffer serious bodily harm; the Supreme Court has consistently held that taking indecent liberties or familiarities with a female, without her consent, constitutes ABHAN).

Assault is an unlawful attempt or offer to commit a violent injury upon another person, coupled with the present ability to complete the attempt or offer by a battery. *State v. Mims*, 286 S.C. 553, 335 S.E. (2d) 237 (1985). Assault differs from assault and battery in that there is no touching of the victim in an assault. *See State v. Sanders*, 92 S.C. 427, 75 S.E. 702 (1912). Accordingly, AHAN is a lesser included offense of ABHAN, without the completed act of violence.

ABHAN is a lesser included offense of CSC in the first degree. *State v. Frazier, supra; State v. Mathis*, 287 S.C. 589, 340 S.E. (2d) 538 (1986). Because AHAN contains the same elements of ABHAN, except the element of touching of the victim, we conclude AHAN is also a lesser included offense of CSC, and, consequently, of assault with intent to commit CSC with a minor. Furthermore, the circumstances of aggravation which apply to ABHAN also apply to AHAN (insofar as the circumstance was attempted but not completed, so that the offense was only assault, and not assault and battery).

Having concluded AHAN is a lesser included offense of assault with intent to commit CSC, we must next determine whether Murphy was entitled to the instruction he requested. The trial judge is required to charge the jury on a lesser included offense if there is evidence from which it could be inferred that the defendant committed the lesser rather than the greater offense. *State v. Mathis, supra.* That is, a lesser included offense instruction is required only when the evidence warrants such an instruction, and it is not error to refuse to charge the lesser included offense unless there is evidence tending to show that the defendant was guilty only of the lesser offense. *State v. Cooney,* — S.C. —,

463 S.E. (2d) 597 (1995); *see also State v. Smith,* — S.C. —, 446 S.E. (2d) 411 (1944) (the trial court may and should refuse a charge on a lesser-included offense where there is no evidence that the defendant committed the lesser rather than the greater offense); *State v. Gadsden,* 314 S.C. 229, 442 S.E. (2d) 594 (1994) (a lesser included offense instruction is required by due process only when the evidence warrants such an instruction; where there is no evidence to support a finding that the defendant was guilty of the lesser offense, there can be no error in the failure to charge the lesser offense).

In this case, we conclude from the record before us that the jury could have inferred Murphy intended to take indecent liberties or familiarities with the female victim, an aggravating circumstance which would support a conviction for AHAN, but that Murphy did not attempt or intend to complete a sexual battery. He was, therefore, entitled to a charge of AHAN as a lesser included offense to assault with intent to commit first degree CSC, and the trial judge erred in refusing such a request. Accordingly, the judgment is

Reversed.

CURETON, J., concurs.

GOOLSBY, J., dissents in separate opinion.

GOOLSBY, J., (dissenting):

I respectfully dissent.

The sole question on appeal is whether the trial court committed reversible error in refusing to instruct the jury on the law of assault of a high and aggravated nature. I would hold it committed no error.

I agree with the majority's opinion that an assault of a high and aggravated nature may be charged as a lesser-included offense of first degree criminal sexual conduct with a minor where there is evidence the defendant committed only that offense rather than some greater offense. *Cf. State v. Forbes,* 296 S.C. 344, 345, 372 S.E.(2d) 591, 592 (1988) ("[Assault and battery of a high and aggravated nature] may be a lesser included offense of first degree [criminal sexual conduct] with a minor when there is evidence the defendant committed only the lesser rather than the greater offense."). But this is not a

case of that kind. There is no evidence pointing to Murphy's having committed only the offense of assault of a high and aggravated nature.

As the majority opinion indicates, an assault differs from a battery in that there is no touching of the victim in an assault. *State v. Mims,* 286 S.C. 553, 335 S.E. (2d) 237 (1985); *Ford v. State,* 330 Md. 682, 625 A. (2d) 984 (1993); *see also People v. Abrams,* 48 Ill. (2d) 446, 458, 271 N.E. (2d) 37, 45 (1971) ("Assault is an offense distinct from battery. If there has been any touching or any other form of physical contact with the victim, a battery has been committed and not an assault, assuming the presence of the other requirements for a battery."). Here, the evidence indisputably shows Murphy *touched* the victim. Murphy had his right hand on his penis and the nub of his left arm, which had been partially amputated, on the child's shoulder or head.

"Acts aggravating an assault are to be distinguished from acts constituting an assault." 6 Am. Jur. (2d) *Assault and Battery* § 3, at 9 (1963). One aggravating circumstance that transforms the offense of a simple assault and battery into an offense of assault and battery of a high and aggravated nature is, as the majority's opinion correctly states, the taking of indecent liberties or familiarities with a female without her consent. *State v. Jones,* 133 S.C. 167, 130 S.E. (2d) 747 (1925). In my judgment, Murphy's placement of the nub of his partially amputated arm on the two-year-old female child's shoulder or head while holding his penis inches away from her face is the taking of indecent liberties or familiarities with a female without her consent and therefore is at the very least an assault *and battery* of a high and aggravated nature. *See State v. Johnson,* 84 S.C. 45, 65 S.E. 1023 (1909) (the defendant's placing of his hand on the victim's shoulder constituted an assault *and battery* with intent to ravish). The conduct at issue here is not an assault of a high and aggravated nature, the only lesser offense for which Murphy sought jury instructions.

Although there might have been evidence warranting an instruction on assault *and battery* of a high and aggravated nature, Murphy made no request for that instruction.

I would affirm.