658 S.E.2d 104

**The STATE, Respondent,**

v.

**Michael James FRANKS, Appellant.**

**No. 4343.**

Court of Appeals of South Carolina.

Submitted Dec. 1, 2007.

Decided Feb. 20, 2008.

622

Chief Attorney Joseph L. Savitz, III, of Columbia; for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attor-

ney General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor Robert M. Ariail, of Greenville, for Respondent.

THOMAS, J.

Michael James Franks appeals his conviction for distribution of marijuana, contending the trial court erred in refusing to instruct the jury on the lesser-included offense of simple possession. We affirm.[1]

## FACTS

On April 28, 2004, Agent Neysa Diana Caron of the Pickens County Sheriff's Department, accompanied by a confidential informant, went to a trailer at 36 Indian Creek Drive in Pickens County for the purpose of arranging an undercover buy. When they reached the address, Caron noticed a woman at the window of the trailer facing their vehicle. After the informant spoke with the woman, who was later identified as Heather Alley, Caron exited the vehicle, and someone admitted her and the informant into the trailer. Once inside the trailer, Caron and the informant went to a back bedroom, where they encountered Franks and Alley.

Franks, who was standing by a set of dresser drawers in the room, removed several bags of marijuana from a drawer and told Caron and the informant that the bags were "each ounce bags." Alley advised Caron and the informant that she had two quarter-ounce bags and inquired what they wanted. When Caron answered she would buy a half ounce, Alley took the two bags, weighed them with hand-held scales, and asked Franks to "weigh these and make sure it's right." After Alley tossed the bags to Franks, he weighed them, said "they are fine" and tossed them back to Alley. When Alley gave Caron the marijuana, Caron asked the price, whereupon Franks answered it would be $60.00. Caron then took $60.00 and paid it to Alley, who counted the money and laid it on a bed in the room.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

Caron further testified that, when the informant asked about the possibility of buying a larger amount, it was Franks who answered the question. Alley then wrote down both her own name and Franks's name, as well as their telephone numbers, on a piece of paper, which she gave to Caron.

Franks and Alley were arrested some time after the sale [2] and charged with distribution of marijuana. After a jury trial on September 21, 2005, both were found guilty as charged.

## STANDARD OF REVIEW

"An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court abused its discretion." *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000). "An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." *Id.*

"A trial judge is required to charge a jury on a lesser included offense if there is evidence from which it could be inferred that a defendant committed the lesser offense rather than the greater." *State v. Drafts*, 288 S.C. 30, 32, 340 S.E.2d 784, 785 (1986). Nevertheless, "due process requires that a lesser included offense instruction be given only where the evidence warrants such an instruction." *Hopper v. Evans*, 456 U.S. 605, 611, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982). "The mere contention that the jury might accept the State's evidence in part and reject it in part is insufficient to satisfy the requirement that some evidence tend to show the defendant was guilty of only the lesser offense." *State v. Geiger*, 370 S.C. 600, 608, 635 S.E.2d 669, 674 (Ct.App.2006).

## LAW/ANALYSIS

Franks argues on appeal the trial court erred in denying his request to instruct the jury that it could find him guilty of the lesser-included offense of simple possession of marijuana. He contends the trial court's agreement to charge mere presence to the jury supports an inference that, although

---

2. Caron explained that arrests are sometimes delayed for either additional investigation or protection of confidential informants.

Franks and Alley jointly possessed the marijuana, only Alley was the distributor. We disagree.

The South Carolina Supreme Court has distinguished possession from mere presence, explaining that "proof of possession requires more than proof of mere presence, and ... the State must show defendant had dominion and control over the thing allegedly possessed or had the right to exercise dominion and control over it." *State v. Tabory*, 260 S.C. 355, 364–65, 196 S.E.2d 111, 113 (1973).

The evidence in the present case supporting the inference that Franks had dominion and control over the bags of marijuana that Caron purchased was as follows: (1) Franks weighed the bags to be certain of the quantity that was being sold to Caron; (2) Franks tossed the bags back to Alley, who then immediately handed them to Caron; and (3) Franks himself told Caron how much she would have to pay for the drugs. These acts, though probative of Franks's dominion and control of the marijuana Caron purchased, were also an integral part of the transaction that led to his arrest. We cannot conceive of any way they would support a finding that Franks committed only the offense of possession of marijuana and did not participate in its distribution.

**AFFIRMED.**

HEARN, C.J., and KITTREDGE, J., concur.