**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4491**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

MONTRELLE LAMONT CAMPBELL,

        Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, District
Judge.  (2:07-cr-01123-PMD-1)

Submitted:  December 5, 2008     Decided:  January 15, 2009

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Robert Haley, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant.  Reginald I. Lloyd, Assistant
United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Montrelle Lamont Campbell appeals the district court's judgment entered pursuant to his guilty plea to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(c) (2006). Counsel for Campbell filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues for appeal, but asks this court to review the adequacy of the plea hearing, the district court's imposition of a four-level offense level enhancement, and the reasonableness of Campbell's sentence. Campbell was notified of the opportunity to file a pro se supplemental brief, but has failed to do so. Finding no error, we affirm.

Under Fed. R. Crim. P. 11(b)(1), the district court must address the defendant in open court and inform him of the following: the nature of the charge; any mandatory minimum sentence and the maximum possible sentence; the applicability of the Sentencing Guidelines; the court's obligation to impose a special assessment; the defendant's right to an attorney; his right to plead not guilty and be tried by a jury with the assistance of counsel; his right to confront and cross-examine witnesses; his right against self-incrimination; and his right to testify, present evidence, and compel the attendance of witnesses. The defendant also must be told that a guilty plea

2

waives any further trial and that his answers at the proceeding may be used against him in a prosecution for perjury. Under Rule 11(b)(2), the court must address the defendant to determine that the plea is voluntary. The court must determine a factual basis for the plea under Rule 11(b)(3) and require disclosure of any plea agreement under Rule 11(c)(2). Because Campbell did not move in the district court to withdraw his guilty plea, any challenges to the Rule 11 hearing are reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 524-25 (4th Cir. 2002).

After a thorough review of the record, we find there were no errors with respect to the Rule 11 plea colloquy. During the plea hearing, the district court properly informed Campbell of the rights he was forfeiting as a result of his plea and the nature of the charges and penalties he faced, found that Campbell was competent and entering his plea voluntarily, and determined there was a sufficient factual basis for the plea. Therefore, the record establishes Campbell knowingly and voluntarily entered into his guilty plea with a full understanding of the consequences, and there was no error in the district court's acceptance of his plea.

Campbell next asks this court to review whether the district court erred in imposing a four-level offense level enhancement for possession or use of a firearm in connection

3

with another felony offense.  The purpose of the enhancement under U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(b)(6) (2007) is "to ensure that a defendant receives more severe punishment if, in addition to committing a firearms offense within the scope of § 2K2.1, he commits a separate felony offense that is rendered more dangerous by the presence of a firearm."  United States v. Blount, 337 F.3d 404, 406 (4th Cir. 2003) (citing former USSG § 2K2.1(b)(5) (2001)).  To determine whether the enhancement should apply, the district court must consider whether the defendant committed a separate felony offense and whether the firearm underlying the conviction was possessed in connection with the additional felony.  Id. at 406-07.  The district court's factual findings concerning sentencing factors need only be supported by a preponderance of the evidence.  United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).

According to the presentence report, the four-level enhancement was warranted on the ground that Campbell used or possessed a firearm in connection with his possession of marijuana with intent to distribute.  At sentencing, Campbell asserted there was insufficient evidence that the firearm was possessed in connection with a drug trafficking crime.  However, the substantial quantity of drugs recovered, in conjunction with his possession of a handgun, constituted sufficient evidence of

4

Campbell's involvement in narcotics distribution. See United States v. Fisher, 912 F.2d 728, 730-31 (4th Cir. 1990). Furthermore, the weapon was possessed to facilitate, or had a tendency to facilitate, the felony distribution offense, as its presence was not the result of accident or coincidence. See Blount, 337 F.3d at 411 (citations omitted); see also United States v. Lipford, 203 F.3d 259, 266 (4th Cir. 2000). Finally, as the Government noted at sentencing, Campbell's brandishing of the firearm would be sufficient to support a state felony charge for assault of a high and aggravated nature. See South Carolina v. Murphy, 471 S.E.2d 739, 740-41 (S.C. App. 1996). Therefore, we find the district court did not err in imposing a four-level offense level enhancement for use or possession of a firearm in connection with another felony offense.

Finally, Campbell asks this court to review the reasonableness of his sentence. Following United States v. Booker, 543 U.S. 220 (2005), a district court must engage in a multi-step process at sentencing. First, it must calculate the appropriate advisory Guidelines range. It must then consider the resulting range in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006) and determine an appropriate sentence. Gall v. United States, 128 S. Ct. 586, 596 (2007). We review the district court's imposition of a sentence for abuse of discretion. Id. at 597; see also United States v.

Pauley, 511 F.3d 468, 473 (4th Cir. 2007). This court "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." Gall, 128 S. Ct. at 597.

If there are no procedural errors, we then consider the substantive reasonableness of the sentence. Id. "Substantive reasonableness review entails taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Pauley, 511 F.3d at 473 (internal quotation marks and citation omitted). Further, this court may presume a sentence within the Guidelines range to be reasonable. Id. Mere disagreement with the district court's exercise of sentencing discretion does not permit us to substitute our judgment for that of the lower court. Id. at 473-74. "Even if we would have reached a different sentencing result on our own, this fact alone is 'insufficient to justify reversal of the district court.'" Id. at 474 (quoting Gall, 128 S. Ct. at 597).

Aside from his objection to the four-level enhancement for possession or use of a firearm in connection with a felony offense, Campbell raised no further objections at the sentencing hearing. The district court appropriately treated the Sentencing Guidelines as advisory, considered the relevant factors under § 3553(a), and sentenced Campbell below the statutory maximum and within the properly calculated Guidelines range of 84 to 105 months. Campbell has failed to demonstrate that his sentence is either procedurally or substantively unreasonable, as his 105-month term of incarceration was within the Guidelines range. Therefore, we find the sentence imposed by the district court was reasonable.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented

7

in the materials before the court and argument would not aid the decisional process.

AFFIRMED