THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Kevin M. Ware, Appellant.
 
 
 

Appeal From Anderson County
J. C. Nicholson, Jr., Circuit Court Judge

Unpublished Opinion No. 2011-UP-273
Submitted May 1, 2011  Filed June 8, 2011  

AFFIRMED

 
 
 
 Appellate Defender LaNelle DuRant, of Columbia, for Appellant.
 Attorney General Alan M. Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and
 Assistant  Attorney General William M. Blitch, Jr., all of Columbia; and Solicitor Christina T. Adams, of Anderson, for Respondent.
 
 
 

PER CURIAM: Kevin M. Ware appeals his convictions for possession with intent to distribute (PWID) crack cocaine and PWID crack cocaine within
proximity of a park.  First, he argues the trial court erred in admitting the crack cocaine into evidence because the State failed to establish a clear
chain of custody.  Specifically, Ware alleges two sets of crack cocaine might have been tested together because the Anderson Police Department's drug
tracking report used the same Best Evidence Number to refer to both sets.  Moreover, Ware also contends the evidence was insufficient to establish a chain
of custody because the State's Form-B was a false affidavit.  Second, Ware argues the trial court erred in declining to charge the jury on the
lesser-included offense of possession of crack cocaine because the record contained evidence he only possessed the drugs.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: 
1.       As to whether the trial court erred in admitting the crack cocaine into evidence: State v. Hatcher, Op. No.
26950 (S.C.Sup.Ct. filed Mar. 21, 2011) (Davis Adv.Sh. No. 10 at 76) ("The trial [court]'s exercise of discretion must be reviewed in the light of the
following factors: . . . the nature of the article, the circumstances surrounding the preservation and custody of it, and the likelihood of
intermeddlers tampering with it.  If upon the consideration of such factors the trial [court] is satisfied that in reasonable probability the article has
not been changed in important respects, he may permit its introduction in evidence. . . .  [W]here all individuals in the chain are, in
fact, identified and the manner of handling is reasonably demonstrated, it is not an abuse of discretion for the trial [court] to admit the evidence in the
absence of proof of tampering, bad faith, or ill-motive." (citations and internal quotation marks omitted) (second alteration in original).
2.       As to whether the trial court erred in declining to charge the jury on the lesser-included
offense of simple possession of crack cocaine: State v. Rivera, 389 S.C. 399, 404, 699 S.E.2d 157, 159 (2010) ("The law to be charged must be
determined from the evidence presented at trial." (citations omitted)); State v. Fields, 356 S.C. 517, 523, 589 S.E.2d 792, 795 (Ct. App. 2003)
("[A] trial judge does not err by refusing to charge a lesser-included offense where there is no evidence tending to show that the defendant was guilty
only of the lesser offense." (citations omitted)); see also S.C. Code Ann. § 44-53-375(B) (Supp. 2010) (providing that a person commits PWID crack
cocaine rather than merely simple possession of crack cocaine where the person "possesses with intent to distribute . . . cocaine base
. . .");  State v. Franks, 376 S.C. 621, 624, 658 S.E.2d 104, 106 (2008) ("The mere contention that the jury might accept the
State's evidence in part and reject it in part is insufficient to satisfy the requirement that some evidence tend to show the defendant was guilty of only the
lesser offense." (citations and internal quotation marks omitted)).
AFFIRMED.
FEW, C.J., HUFF and THOMAS, JJ., concur.

[1] We decide this case without oral argument
pursuant to Rule 215, SCACR.