**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

The State, Respondent,

v.

Bryan Phillips, Appellant.

Appellate Case No. 2010-173307

---

Appeal From Edgefield County
William P. Keesley, Circuit Court Judge

---

Memorandum Opinion No. 2012-MO-049
Heard April 18, 2012 – Filed November 21, 2012

---

**AFFIRMED**

---

LaNelle Cantey DuRant, of South Carolina Commission on Indigent Defense, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General William M. Blitch, Jr., all of Columbia, SC, and Solicitor Donald V. Myers, of Lexington, for Respondent.

E. Charles Grose, Jr., of Greenwood, and Tara S. Waters, of Laurens, for Amicus Curiae South Carolina Public Defender Association.

Solicitor David M. Pascoe, Jr., of Columbia, for Amicus Curiae Solicitors' Association of South Carolina.

---

**PER CURIAM:**  Bryan Phillips was tried and convicted, along with his co-defendant K.C. Langford, III, for armed robbery, kidnapping, first degree burglary, and criminal conspiracy.  Langford's convictions are affirmed in a published opinion issued today. *State v. Langford*, Op. No. 27195 (S.C. Sup. Ct. filed November 21, 2012).  This case presents the same facts and raises the same questions as *Langford*, *viz.*, whether Section 1-7-330 of the South Carolina Code (2005), which grants solicitors control of the General Sessions docket, violates the separation of powers doctrine, whether Phillips was denied due process because section 1-7-330 permits judge shopping, and whether he was denied his right to a speedy trial.  In addition to the issues addressed in *Langford*, Phillips also argues the circuit court erred in qualifying the Chinese interpreter used during his trial and in not granting a mistrial due to comments made by the solicitor in closing arguments.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  Separation of Powers: *Langford, supra*.

2.  Due Process: *Id*.

3.  Speedy Trial: *Id.*

4.  Interpreter Qualification: S.C. Code Ann. § 15-27-155(B) (2005) (setting forth qualifications for a foreign language interpreter)[1]; *Melton v. Olenik*, 379 S.C. 45, 54, 664 S.E.2d 487, 492 (Ct. App. 2008) (applying abuse of discretion standard to qualification of interpreter).

5.  Mistrial: *State v. Graddick*, 345 S.C. 383, 387, 548 S.E.2d 210, 211-12 (2001) ("As a corollary of the right to remain silent, a prosecutorial comment upon a defendant's failure to testify at trial is constitutionally impermissible."); *State v. Prince*, 316 S.C. 57, 67, 447 S.E.2d 177, 183

---

[1] We note this is the statute for interpreters in a civil case, not a criminal one. However, because it was the one applied by the circuit court and argued by the parties at trial and on appeal, we use it here.

(1993) (stating the decision to grant a mistrial is left to the discretion of the circuit judge); *State v. Rouse*, 262 S.C. 581, 585, 206 S.E.2d 873, 874 (1974) (determining that comment complained of was not actually a comment on the defendant's failure to testify).

**AFFIRMED.**

**TOAL, C.J., BEATTY, KITTREDGE and HEARN, JJ., concur. PLEICONES, J., concurring in a separate opinion.**

**JUSTICE PLEICONES:**  I concur in the result only for the reasons stated in my concurring opinion in *State v. Langford*, Op. No. 27195 (S.C. Sup. Ct. filed November 21, 2012).