753 S.E.2d 259

**The STATE, Respondent,**

v.

**Richard Avon GREEN, Appellant.**

**Appellate Case No. 2011–199866.**

**No. 5187.**

Court of Appeals of South Carolina.

Heard Nov. 14, 2013.

Decided Jan. 2, 2014.

Appellate Defenders Dayne C. Phillips and Carmen Vaughn Ganjehsani, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Deputy Attorney General David A. Spencer, both of Columbia, for Respondent.

LOCKEMY, J.

Richard Avon Green appeals his conviction of the common law charge of attempted burglary. He contends that because attempted burglary is not a lesser included offense of first degree burglary, the trial court erred in submitting the claim of attempted first degree burglary to the jury after it granted a directed verdict in his favor on the charge of first degree burglary. We affirm.

**FACTS**

On September 2, 2010, Green was indicted on the charge of first degree burglary. His trial began on September 12, 2011. At the close of the State's case, Green moved for a directed verdict. The State requested that the trial court consider the lesser included offense of attempted burglary. Green argued that the State was "scrambling" to find a charge against him and maintained there was no evidence of an attempt of any kind.

The trial court explained it was convinced "there [was] no evidence in the record upon which the jury could convict [Green] of burglary in the first degree because the evidence [was] simply not there for a showing of entry which is one of the elements of [the] crime of burglary in the first degree." Thus, the trial court granted Green a directed verdict on the charge of first degree burglary but decided to submit the case to the jury on the "lesser included offense of attempted burglary in the first degree." The trial court concluded that in charging the elements of attempted first degree burglary, it would explain to the jury that the offense did not require an entry.

The jury returned a verdict of guilty on the charge of attempted burglary in the first degree. The trial court sentenced Green to twenty years of imprisonment.

## STANDARD OF REVIEW

■ "In criminal cases, the appellate court sits to review errors of law only." *State v. Baccus,* 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) (citing *State v. Wilson,* 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001)). "This [c]ourt is bound by the trial court's factual findings unless they are clearly erroneous." *Id.* (citing *State v. Quattlebaum,* 338 S.C. 441, 452, 527 S.E.2d 105, 111 (2000)).

## LAW/ANALYSIS
### Lesser Included Charge

■ Green argues that the trial court erred in finding attempted first degree burglary was a lesser included charge of first degree burglary, the charge for which Green was on trial. Because of this alleged error, Green contends the trial court further erred in instructing the jury on the charge of attempted first degree burglary. We disagree. " 'A trial [court] is required to charge a jury on a lesser included offense if there is evidence from which it could be inferred that a defendant committed the lesser offense rather than the greater.' " *State v. Gilliland,* 402 S.C. 389, 400, 741 S.E.2d 521, 527 (Ct.App.2012) (alterations in original) (quoting *State v. Drafts,* 288 S.C. 30, 32, 340 S.E.2d 784, 785 (1986)). "The test for determining whether one offense is a lesser included offense of another 'is whether the greater of the two offenses includes all the elements of the lesser offense. If the lesser offense includes an element not included in the greater offense, then the lesser offense is not included in the greater.' " *Id.* (quoting *Hope v. State,* 328 S.C. 78, 81, 492 S.E.2d 76, 78 (1997)); *see State v. Elliott,* 346 S.C. 603, 606, 552 S.E.2d 727, 728 (2001), *overruled on other grounds by State v. Gentry,* 363 S.C. 93, 610 S.E.2d 494 (2005).

■ Green was indicted under section 16–11–311(A) of the South Carolina Code (2003). The pertinent portions of the indictment alleged:

That Richard Avon Green did in Sumter County on or about May 4, 2010 enter the dwelling of Rita Davis located at [address] without consent and with the intent to commit a crime therein and when, in affecting entry or while in the dwelling or in immediate flight and the entering or remain-

ing occurred in the nighttime, in violation of section 16–11–311(A), Code of Laws of South Carolina, 1976, as amended.

The State asked the trial court to charge the common law crime of attempted burglary as a lesser included charge, not the statutory crime of entering without breaking. "To prove attempt, the State must prove that the defendant committed an overt act, beyond mere preparation, in furtherance of the intent to commit the crime." *State v. Reid,* 393 S.C. 325, 329, 713 S.E.2d 274, 276 (2011) (citing *State v. Nesbitt,* 346 S.C. 226, 231, 550 S.E.2d 864, 866 (Ct.App.2001)). "[W]here an attempt crime exists, it is properly considered a lesser included offense of the completed offense, so long as the completed offense is a felony." *State v. Elliott,* 346 S.C. 603, 616, 552 S.E.2d 727, 734 (2001) (Pleicones, J., dissenting) *overruled on other grounds by State v. Gentry,* 363 S.C. 93, 610 S.E.2d 494 (2005) (citing *State v. Hiott,* 276 S.C. 72, 276 S.E.2d 163 (1981)).

Notably, in *Hiott,* our supreme court found no logic in the defendant's position that an attempted offense is not a lesser included offense in the completed offense because incompletion of the offense is in itself a separate and distinct element. 276 S.C. at 72, 80, 276 S.E.2d at 168. We also find *State v. Murphy,* 322 S.C. 321, 471 S.E.2d 739 (Ct.App.1996), to be instructive. In *Murphy,* this court stated that

> [a]ssault is an unlawful attempt or offer to commit a violent injury upon another person, coupled with the present ability to complete the attempt or offer by a battery. Assault differs from assault and battery in that there is no touching of the victim in an assault. Accordingly, [assault of a high and aggravated nature] is a lesser included offense of [assault and battery of a high and aggravated nature], without the completed act of violence.

322 S.C. at 325, 471 S.E.2d at 741 (internal citation omitted).

We find that the trial court was correct in ruling that attempted first degree burglary is a lesser-included charge for the charge of first degree burglary. Similar to the situation in *Murphy,* here, attempted first degree burglary is a lesser included offense of first degree burglary, without the completed act of entering the premises. Thus, we affirm the trial

court's decision to instruct the jury on the charge of attempted first degree burglary.

**Enlarged Indictment**

■ Green argues that even if attempted burglary is a lesser included charge of first degree burglary, the trial court improperly enlarged the indictment when he charged the jury with attempted burglary. We disagree.

Green cites *Bailey v. State*, 392 S.C. 422, 709 S.E.2d 671 (2011), to support its position.[1] We believe Green's interpretation of our supreme court's ruling in *Bailey* disregards the pertinent explanation of its decision. The court in *Bailey* explained that " '[i]n South Carolina, [i]t is a rule of universal observance in administering the criminal law that a defendant must be convicted, if convicted at all, of the particular offense charged in the bill of indictment.' " *Bailey*, 392 S.C. at 433, 709 S.E.2d at 677 (quoting *State v. Gunn*, 313 S.C. 124, 136, 437 S.E.2d 75, 82 (1993) (alterations in original)). " 'A material variance between charge and proof entitles the defendant to a directed verdict; such a variance is not material if it is not an element of the offense.' " *Id.* (quoting *Gunn*, 313 S.C. at 136, 437 S.E.2d at 82).

" '[W]hile a conviction may be sustained under an indictment which is defective because it omits essential elements of the offense, such is not true when the indictment facially charges a complete offense and the State presents evidence which convicts under a different theory than that alleged.' " *Id.* (quoting *Thomason v. State*, 892 S.W.2d 8, 11 (Tex.Crim.App.1994)). " 'A conviction under the latter circumstance violates principles of due process . . . because the State has failed to prove beyond a reasonable doubt every fact necessary to constitute the crime with which a defendant was charged.' " *Id.* at 434, 709 S.E.2d at 677 (quoting *Thomason*, 892 S.W.2d at 11).

"Bailey's indictment only apprised him that he had to 'defend against the allegation that he inflicted the physical injuries resulting in the victim's death.' " *Id.* at 436, 709 S.E.2d at 678. "A careful review of the jury's questions and the ensuing discussion with the judge reveals that the jury focused

---

1. *Bailey* was a PCR appeal. Nevertheless, it involves the issue of whether the trial court improperly enlarged the indictment.

on the terms of the indictment and recognized the alternative elements in the homicide by child abuse statute, i.e., an 'act' versus an 'omission.'" *Id.* "The foreman of the jury then stated the jury found 'no evidence' that Bailey struck the [v]ictim." "Based on this statement and the reference to the last line of the indictment, it is evident the jury was inquiring as to whether a finding of 'neglect' on the part of Bailey was sufficient for a conviction under the statute." *Id.* "The judge's supplemental instructions, which were confusing and contradictory, resulted in the erroneous directive that the jury could find Bailey guilty of homicide by child abuse if it found an act of 'abuse *or* neglect.'" *Id.* "Such an instruction was in direct contravention of the specific act alleged in the indictment and, thus, constituted a material variance or a 'constructive amendment' to the indictment." *Id.*

Here, Green alleged the State should have moved to amend the indictment to include any allegation of "attempting to enter" the dwelling. Green argues because the State did not move to do so, the trial court improperly enlarged the indictment. We disagree. Green was apprised of the fact that the State was trying to prove first degree burglary by showing he entered the victim's home. Unlike in *Bailey,* where the trial court allowed for a conviction upon a theory not alleged in the indictment, here, the same theory was used by the State under the attempted burglary and first degree burglary charge. Green was on notice of the charge and its lesser included offenses. Accordingly, we affirm the trial court.

**CONCLUSION**

For the foregoing reasons, the trial court is **AFFIRMED.**

HUFF and GEATHERS, JJ., concur.