**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jabarrie Brown, Appellant.

Appellate Case No. 2012-210387

———————————

Appeal From Lancaster County
W. Jeffrey Young, Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-150
Submitted February 1, 2015 – Filed March 18, 2015

———————————

**AFFIRMED**

———————————

Appellate Defenders Breen Richard Stevens and
Benjamin John Tripp, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior
Assistant Deputy Attorney General Salley W. Elliott, and
Senior Assistant Attorney General David A. Spencer, all
of Columbia; and Solicitor Douglas A. Barfield, Jr., of
Kershaw, for Respondent.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Franks*, 376 S.C. 621, 624, 658 S.E.2d 104, 106 (Ct. App. 2008) ("An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court abused its discretion."); *State v. Tyndall*, 336 S.C. 8, 21, 518 S.E.2d 278, 285 (Ct. App. 1999) (stating "it is not error to refuse to charge the lesser included offense unless there is evidence tending to show the defendant was guilty only of the lesser offense"); *State v. Morgan*, 352 S.C. 359, 365, 574 S.E.2d 203, 206 (Ct. App. 2002) ("The cardinal rule of statutory construction is to ascertain and effectuate the legislative intent whenever possible."); *id.* at 365-66, 574 S.E.2d at 206 ("All rules of statutory construction are subservient to the one that legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in the light of the intended purpose of the statute."); S.C. Code Ann. § 16-25-20(A) (Supp. 2014) (providing criminal domestic violence (CDV) occurs when a person "(1) cause[s] physical harm or injury to a person's own household member; or (2) offer[s] or attempt[s] to cause physical harm or injury to a person's own household member with apparent present ability under circumstances reasonably creating fear of imminent peril"); S.C. Code Ann. § 16-25-10(3) (Supp. 2014) (stating a household member includes individuals who have a child in common); S.C. Code Ann. § 16-25-65(A) (Supp. 2014) (stating a person who commits CDV accompanied by "an assault, with or without an accompanying battery, which would reasonably cause a *person* to fear imminent serious bodily injury or death" is guilty of criminal domestic violence of a high and aggravated nature (CDVHAN) (emphasis added)); *State v. Murphy*, 322 S.C. 321, 325, 471 S.E.2d 739, 741 (Ct. App. 1996) ("Assault is an unlawful attempt or offer to commit a violent injury upon another person, coupled with the present ability to complete the attempt or offer by a battery."); *id.* ("Assault differs from assault and battery in that there is no touching of the victim in an assault."); *State v. Golston*, 399 S.C. 393, 397-98, 732 S.E.2d 175, 178 (Ct. App. 2012) ("In most prosecutions for CDVHAN, there will be evidence the defendant committed acts which constitute only CDV in addition to acts which constitute CDVHAN. . . . However, the mere existence of evidence that [the defendant] committed these acts in addition to other acts which could constitute CDVHAN . . . does not warrant a jury charge on simple CDV. Rather, to warrant a jury charge on the lesser offense, the evidence viewed as a whole must be such that the jury could conclude the defendant is guilty of the lesser offense *instead* of the indicted offense. In other words, the existence of evidence that [the defendant] committed simple CDV in addition to CDVHAN does not warrant the charge. There must be evidence from which the jury could

conclude the defendant committed only the lesser offense." (internal citations and quotation marks omitted)).

**AFFIRMED.**[1]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.