**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

William C. (Billy) Sellers, Appellant.

Appellate Case No. 2018-001667

————————

Appeal From Edgefield County
Eugene C. Griffith, Jr., Circuit Court Judge

————————

Unpublished Opinion No. 2021-UP-254
Heard April 15, 2021 – Filed July 7, 2021

————————

**AFFIRMED**

————————

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Caroline M. Scrantom, all of Columbia, for Respondent.

————————

**PER CURIAM:** A jury convicted William C. Sellers of murder. He now appeals, arguing the trial court erred in (1) instructing the jury that malice "is the intentional

doing of a wrongful act without just cause or excuse" because it unconstitutionally shifted the State's burden of proof to him to show his acts were justified or excusable; (2) instructing the jury on accomplice liability because the evidence did not support this instruction; and (3) admitting witness Phillip Griffin's sentencing sheets into evidence because they were not probative of whether Griffin received consideration from the State for his testimony. We affirm.

1. As to whether the trial court abused its discretion in charging the jury that malice is "is the intentional doing of a wrongful act without just cause or excuse," we are constrained to hold this charge remains good law that circuit judges may include as part of a malice instruction. *See State v. Franks*, 376 S.C. 621, 624, 658 S.E.2d 104, 106 (Ct. App. 2008) ("An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court abused its discretion." (quoting *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000))); *State v. Cottrell*, 421 S.C. 622, 643, 809 S.E.2d 423, 435 (2017) ("A trial court is required to charge the current and correct law in South Carolina."); *State v. Wilds*, 355 S.C. 269, 276, 584 S.E.2d 138, 141–42 (Ct. App. 2003) ("Malice is the wrongful intent to injure another and indicates a wicked or depraved spirit intent on doing wrong. It is the doing of a wrongful act intentionally and without just cause or excuse." (citations omitted)). Our supreme court has held this instruction is not an unconstitutional burden shifting charge. *State v. Bell*, 305 S.C. 11, 19, 406 S.E.2d 165, 170 (1991) ("Appellant complains the trial judge improperly defined malice as 'the doing of a wrongful act intentionally and without just cause or excuse.' He claims the instruction created an unconstitutional burden-shifting presumption. We disagree. The trial judge's definition of malice is correct, *State v. Judge*, 208 S.C. 497, 38 S.E.2d 715 (1946), and the charge given is devoid of any presumption."). The trial court's malice instruction stated in part:

> In order to sustain a conviction for murder the State must prove beyond a reasonable doubt that . . . the defendant killed another person with malice aforethought. Now, I tell you that malice is defined as hatred, ill will hostility towards another person. *It is the intentional doing of a wrongful act without just cause or excuse* or with an intent to inflict danger or under the circumstances which the law infers an evil intent or malice.

(Emphasis added). We understand Sellers' argument that a reasonable jury could apply the phrase equating malice with "intentional doing of a wrongful act without just cause or excuse" in problematic ways. We are not sure what the challenged phrase adds to a malice charge and can see the wisdom in not charging it. We are

also not sure how a wrongful act can be said to be done with malice if all that is proven is that the act was done with intent (all crimes require some level of intent except strict liability ones, *see, e.g.*, *State v. Ferguson*, 302 S.C. 269, 271–72, 395 S.E.2d 182, 183 (1990)). Nor are we sure how an intentional act that is justified or excusable by law could be a crime. But even amidst the trend by our supreme court (aptly noted by Sellers) to revisit dubious and outworn jury instructions, *see Pantovich v. State*, 427 S.C. 555, 832 S.E.2d 596 (2019), we are quite sure we must comply with the precedent of *Bell*.

2. The trial court did not abuse its discretion in instructing the jury on accomplice liability. *See Franks*, 376 S.C. at 624, 658 S.E.2d at 106 ("An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court abused its discretion." (quoting *Clark*, 339 S.C. at 389, 529 S.E.2d at 539)). There was evidence Sellers worked with an unidentified coconspirator named Gee or another unknown person to rob and murder the victim by beating him to death. This evidence included testimony from three of Sellers' fellow inmates that Sellers said (1) he and Gee went to rob the victim for pills and money, and they pistol-whipped the victim until he told them where his pills were; (2) he and his friends tied the victim up, beat him, and stole a slot machine, some pills, and some money; and (3) "they" beat an old white man with a .38 and stole some pills. Thus, the evidence was equivocal as to whether Sellers or one of his unknown coconspirators dealt the fatal blow that resulted in the victim's death. *See State v. Washington*, 431 S.C. 394, 407, 848 S.E.2d 779, 786 (2020) ("For an accomplice liability instruction to be warranted, the evidence must be 'equivocal on some integral fact and the jury [must have] been presented with evidence upon which it could rely to find the existence or nonexistence of that fact.'" (alterations in original) (quoting *Barber v. State*, 393 S.C. 232, 236, 712 S.E.2d 436, 439 (2011))). Accordingly, we find the trial court properly instructed the jury on accomplice liability, and we affirm as to this issue.

3. The State called Griffin, one of Sellers' fellow inmates, to testify against him. During cross-examination, Sellers questioned Griffin extensively about the potential sentence he faced for the charges he had pending when he was in jail with Sellers, his plea, and the sentence he ultimately received. Sellers' cross-examination raised the issue of Griffin's motive to testify and whether he was testifying against Sellers in exchange for leniency by the State. On redirect, the State introduced Griffin's sentencing sheets, which indicated he pled straight up, without any sentencing negotiations or recommendation from the State. The trial court admitted the sheets over Sellers' relevance objection. Sellers claims this was error. We disagree. We hold the State was entitled to introduce evidence of Griffin's plea negotiations. *See State v. Shuler*, 344 S.C. 604, 629, 545 S.E.2d 805, 817 (2001) ("Most courts

generally recognize the prosecution can introduce evidence of a plea agreement during direct examination of a State witness."). Griffin's sentencing sheets were probative of Griffin's alleged motive in testifying for the State. *State v. McEachern*, 399 S.C. 125, 137, 731 S.E.2d 604, 610 (Ct. App. 2012) ("When a party introduces evidence about a particular matter, the other party is entitled to introduce evidence in explanation or rebuttal thereof, even if the latter evidence would have been incompetent or irrelevant had it been offered initially."); Rule 608(c), SCRE (providing evidence showing "Bias, prejudice or any motive to misrepresent may be shown to impeach the witness . . . ."). The trial court did not err in admitting the sentencing sheets where the only objection was on relevance grounds.

**AFFIRMED.**

**WILLIAMS, THOMAS, and HILL, JJ., concur.**